* Parker, C. J.,
delivered the opinion of the Court. [ *468] The nonsuit in this case was ordered on the ground, that, as a special process was provided in the act incorporating the propri etors of the canal, whereby those who might receive damage in their lands by means of establishing the canal, should obtain compensation, the action at common law is no longer maintainable. This principle was settled in the case of Stowell vs. Flagg.(2)
When the legislature authorizes an act, the necessary and natural consequence of which is damage to the property of another, he who does the act cannot be complained of as a trespasser or wrongdoer.† In the declaration of rights prefixed to our Constitution, it is provided that private property shall not be taken and appropriated to public jses, without compensation to the owner. So, that, if the legislature should, for public advantage and convenience, authorize any improvement, the execution of which would require or produce the destruction or diminution of private property, without affording, at the same time, means of relief and indemnification, the owner of the property destroyed or injured would undoubtedly have his action at common law, against those who should cause the injury, for his damages. For, although it might be lawful to do what the legislature should authorize, yet to enforce the principles of the Constitution, for the security of private property, it might be necessary to consider such a legislative act as inoperative, as far as it trenched upon the rights of individuals.‡
But that difficulty does not exist here ; the legislature having taken care to provide a cheap, easy, and convenient mode of redress, for all who might suffer by the accomplishment of a great public object The act of the legislature is indeed obscure, confused, and almost un intelligible in its terms ; but its general object may be understood ; and the least doubtful of its provisions is that which establishes the course of proceedings to recover damages for lands flowed, or other injuries proceeding from the canal.
There is, therefore, no necessity of resorting to an action at common law. Indeed, it must be considered as intended * by the legislature to deny that remedy on account of the [*469] inconveniences and vexations it would bring upon the proprietors, who had engaged in an expensive experiment principally with a view to the public benefit.
The plaintiff’s motion to set aside the nonsuit is overruled.

 11 Mass. Rep. 364.

 Calendar vs. Marsh, 1 Pick. 418. — Charles River Bridge vs. Warren Bridge, 7 Pick. 344. — Plate Glass Company vs. Meredith, 4 D. & E. 794. — Harris vs. Baker, 4 M. & S. 27. — Sutton vs. Clarke, 6 Taunt. 43. — Boulton vs. Crowther, 2 B. & C. 703. — Jones vs. Bird, 5 B. & A. 857. — Steele vs. Inland Western Dock Navigation Company, 2 Johns. 283. — Lansing vs. Smith, 8 Cow. 186.

 Perry vs. Wilson, 7 Mass. Rep. 393.