Opinion of the court, by
Judge Wright:
The plaintiff, who has the reversion of certain lands described in the declaration, in the possession and occupancy of his tenants, complains that the defendant entered the premises, dug up and removed the soil, etc., to his damage.
The defendant pleaded, first, not guilty, and secondly, that the- *104 defendant was a superintendent of the Miamicanal, duly appointed, and a lock and part of the bank of the canal having become low and broken, the defendant, for the purpose of completing the canal and rendering it navigable, and for no other purpose, by order of the canal commissioners, entered upon the land which adjoined the canal at the most suitable and convenient place to obtain earth, etc., to repair the canal, and took the earth necessary to complete such repairs, and for no other purpose, doing no unnecessary damage.
The plaintiff replied, that the land and place of entering and taking the gravel, etc., was not the most suitable and convenient place for obtaining earth to repair the canal, upon which issue was joined.
The state of pleading presented to the jury the general issue, and the fact whether the place where the party entered, etc., was the most suitable place for obtaining the gravel for repairing the canal. All the other allegations in the plea not being denied were, for the purpose of the trial, admitted; and loft upon the defendant the burden of proving the affirmative of that proposition.
On trial, a verdict passed for the defendant, and it is now Amoved to set aside the verdict, because it is contrary to equity, and contrary to law. The plaintiff also moved the court for a repleader, because the issue made up was an immaterial issue.
As to the motion for a new trial, but little need be said. If would be novel to grant a new trial, because the verdict was against equity, if it corresponded with the proof and the issue. No reason is urged to support the claim that the jury were misled in the law arising on the evidence, by the court, or otherwise. The judges who tried the cause are satisfied that the verdict followed the issue, and could not have been different on the issue submitted to the jury.
The application for a repleader is strenuously urged by counsel on one side, and warmly resisted by those in opposition. The •court are asked to adopt the rule of the court of King’s Bench, to reject applications for a repleadcr, after demurrer, or favor of the party committing the first fault in pleading. Tidd’s Prac. 824; 2 Saund. 319, n. 6. We think that rule is too rigid for our practice, and would often interpose obstacles in the way of the great ends of justice. Where an issue is taken on some point that will not determine the merits of the cause, and the court is at a loss *105 for whi.eh of the parties to give judgment, we should consider the issue immaterial. Gilb. H. C. P. 147; 1 Lev. 32; 2 Saund. 319, n. 6. And we are not prepared to say we would render judgment in such eases, the merits undetermined, to punish the party first in fault, or who had put in a demurrer. The application in this ease is in time, provided the case be made o.ut of a finding upon which no judgment can be rendered.
In favor of the repleader two points are relied upon:
1. That the matter of the special plea is no bar to the action.
2. That if the matter were otherwise a bar, that the law of Ohio authorizing the taking materials for the structure of the canals is .unconstitutional and void.
3. If valid, that the authority does not embrace the taking materials for the repair of the canal.
The plea sets up a justification under the canal laws, authorizing the entering of lands adjoining the canal, and appropriations *of materials for the structure, and brings the defense within the wording of the act, all which the plaintiff, in his replication, admits, except only the allegation that the place of entering the land and taking the earth was at the most suitable and convenient place. If the defense is good in law, we think there is no objection to the form of the plea or its extent.
Is the law unconstitutional ? If it is, it has no binding force •on the court or the citizen. The clause in the constitution which is supposed to be violated is in these words: “ Private property shall always be held inviolate, but always subservient to the public welfare, provided a compensation in money be made to the owner.” Art. 8, sec. 4. The Supreme Court, in this state, has uniformly decided those acts of the legislature constitutional, which authorized private property to be taken for the public use, for roads, etc., where provision has been made by law for compensating the owner; so that the person injured might get compensation if he desired it. 4 Ohio, 284. But we are not advised that the courts have ever held, that compensation must be actually assessed and paid over to the owner, before a public work can progress, whether he desire it or not. The constitution must receive a construction that will leave it possessed of practical utility. The public interest is to be promoted while private rights are secured — but can it be for a moment supposed that a road or canal of general importance to the community should be interrupted *106 or suspended at the capricious will of an individual? Chancellor Kent, in New York, 20 Johns. 744, goes much further, and maintains a law constitutional, and a valid justification to an officer, which authorized the taking materials without providing any compensation, upon the ground that all are bound to confide in the good faith of the legislature to make the required compensation when required. See also 7 Cow. 352, 585; 8 Cow. 147; 11 Mass. 364; 12 Mass. 468; 7 Johns. Ch. 315. The law in question contains ample provision for a cheap and easy assessment of individual damage and the payment of the amount in money, and we are of opinion it conforms to the constitution. If the law is constitutional it must afford protection to the officer acting under it.
*It is further urged that the case made in the plea is not within the legal import of the acts of the legislature. It is claimed that the authority only extends to the taking materials for the construction of the canal, and does not authorize the taking materials to repair a casual breach. The act to provide for the internal improvement of the State of Ohio by navigable canals, 23 Ohio L. 50, makes it lawful for “ the canal commissioners, and each of them by themseles, and by any and every superintendent, agent, and engineer employed by them, to enter upon, and take possession of, and use all and singular any lands, waters, streams, and materials necessary for the prosecution of the improvements intended by this act, and to make all such canals, etc., and other works and devices as they may think proper for making such improvements, doing nevertheless no unnecessary damage,” and “if the lands, waters, or materials are not donated by the owners to the state, they shall vest in and become the property of the state on the payment of damages to be assessed by appraisers.”
The defendant’s counsel admit that this provision, if constitutional, would afford protection against the taking of materials to-prepare the canals for public use, yet contend that it extends no-further than the opening of the canals for navigation. The work-being then completed, that further legislation is necessary to empower the superintendents to take materials for repairing a breach. If this position were tenable, it would be difficult to give it application to the present case. The issue presents no such fact to the notice of the court, and we can hardly be asked to take judicial notice of such a fact as if it depended on general law. If the plaint *107 iff would have presented that matter to the court, he should have> so replied, and not taken issue as he has on the single proposition, whether the place whence the materials were taken was the most suitable and convenient place for obtaining earth for the repair of' the canal. The statute must receive such a construction as looks to the accomplishment of the great objects the legislature had in view, and not such a one as would make it powerless to attain to-that end. The object was the structure and maintenance for use of navigable canals. Power was given or intended to *be given to effect that end.' Is the grant of power so narrow that no authority is given to change an improvident location, or to repair the failures and breaches of daily or hourly occurrence in the prosecution of such a work? If the. authority to take the materials for the prosecution of the improvements intended by the act does not embrace cases of casual sinking of the banks and repairing-breaches, we are at a loss to discover its practical benefit. Such a construction would be altogether too narrow for the liberal policy of the act, and would warrant the setting up a petty private-interest in opposition to the great interests of the whole people of the state.
Several cases have been pressed upon our consideration, where-private corporations, for constructing canals; have been restricted to a rigid exercise of the literal power granted in their act of incorporation to appropriate to their public structure private property. 2 Dow’s Parl. Cas. 519; Co. R. 78; 5 Petersdorff Ab. 3-14; 1 Maule & Sel. 32; 20 Johns. 104; 7 Johns. Ch. 315. Whatever construction we might feel constrained to put upon an authority given to individuals to appropriate the property of others to their private advantage, we can not believe the cases have any very material bearing on agents and officers exclusively public, engaged in-the construction of a great public improvement, for the sole benefit of the state. It would, however, be a sufficient answer to this-objection to say that the plea justifies the entering the premises- and to bring the earth “to complete the canal and for no other-purpose.” After verdict an objection to the form of the plea, either for the purpose of obtaining a new trial or a repleader will not be received, particularly if it appear, as in this case, not to be in.furtherance of justice, but an effort to -place technical impediments-in the way of its advance.
Both motions overruled.