Hubbard, J.
This was a writ of entry to recover two parcels of land described in the demandant’s writ. To establish his title, he gave in evidence a deed of the tenant, dated October 14th 1839, conveying the lands to him. By way of defence to this action, the defendant offered in evidence a bond, made to him by the demandant, bearing even date with the deed, and thereupon contended that the demandant’s title was that of a mortgagee, and therefore that this court could not sustain the action; the court of common pleas having exclusive jurisdiction thereof, by force of St. 1840, c.,87, ■§> 1, which provides that the supreme judicial court “shall hereafter have original and exclusive jurisdiction of all writs of entry, except for the foreclosure of mortgages,” the jurisdiction over which is conferred upon the court of common pleas The demandant then *482 offered to show that he had paid for the tenant, towards the debts mentioned in the condition of the bond, a larger sum of money than the value of the lands demanded, and therefore contended that he had become the absolute owner of the lands, and so this court had jurisdiction. The presiding judge rejected the evidence, and ordered the action to be dismissed for want of jurisdiction, with leave to the demandant to have the action restored, and a new trial had, if the evidence ought to have been admitted.
[Here the judge recited the condition of the demandant’s bond to the tenant, as above set forth.]
It is admitted by the demandant’s counsel, that if the de-mandant, by reason of the payments he has made, has not a right to the possession of the lands demanded, as the absolute owner thereof, discharged of all right of the tenant to redeem the same, this action cannot be maintained ; and the ground assumed by the demandant is, that this contract was made with a double aspect; the one, as a security for moneys due, and for outstanding liabilities, and for liabilities that might be incurred ; and the other, upon what terms, as to price, the de-mandant might, if he chose, become the absolute owner of the property, or of specific portions of it. And we have no doubt that conditional agreements may be made for the purchase of lands, and that sale of estates also, upon good consideration, may take place, in which the vendor may contract for the repurchase of the same. But such contracts must be bona fide, and not a mere cover for a loan of money.
If this were a conditional agreement for the purchase of the estates, as the demandant contends, it might then be doubted whether the action could be sustained without proof being offered by the demandant of his having agreed to take the estate at the estimated value, and of his surrendering, or offering to surrender to the tenant, notes or securities equal in value to the same. But, in the light in which we view this contract, it is unnecessary to consider this question. The bond, given at the time of making the deed, is an instrument of defeasance, and the land is therefore held in mortgage ; and the stipulation? *483 in the bond do not affect or alter the character of the conveyance. The law has always contemplated with jealousy any attempt to evade its provisions in respect to the right of redemption of estates conveyed for security. And while, by reason of a breach of the condition of the deed, the estate becomes absolute in the mortgagee, in law, yet equity has always preserved to the mortgagor a right of redemption of the mortgaged premises. The provision in the present case between the parties was, that Randall should continue in possession, so long as he saved Waters harmless from his liabilities. And on the other hand, when Waters should be compelled to meet and discharge any of such liabilities, then, by said agreement, he might take immediate possession of the estates, according to the estimated value, to such an extent as should be equal to the debt or liability so paid or cancelled by him ; or, in other words, so fast as he pays money for Randall, which is not forthwith repaid, he may take possession of so much of the mortgaged property as shall be equal to such advance, agreeably to their estimate of value. And so, when an amount equal to the whole value shall have been advanced for Randall, then Waters will be entitled to the whole estate. But this stipulation does not change the nature of the instrument, but is a mere provision for his obtaining possession of the mortgaged premises ; and while the estate thus becomes absolute in him at law, it is merely the commencement of his foreclosure in equity. If it were otherwise, a new description of conveyance would be created, to be treated as a mortgage, or not, at the option of the money lender; for here is no obligation on his part to take the estate, and cancel the debts and liabilities, but only a right so to do; and in this manner the statute of mortgages would be broken in upon at pleasure, and new evasions of the laws against usury would spring into being. And though the transaction in the present case may have been made in perfect fairness, as it regards the full value of the premises mortgaged, so that the tenant would not be injured by the demandant’s becoming the present absolute owner of the estates, at the agreed prices, yet we cannot treat it in any other light than a mortgage. And though mortgages are made with a *484 power also, on the part of the mortgagee, to sell the mortgaged premises — like the case of Eaton v. Whiting, 3 Pick. 484; and though a separate deed of defeasance, made at the same time with the absolute deed, may afterwards, upon sufficient consideration, be cancelled as between the parties, in such manner as to give an absolute title to the mortgagee — the rights of third parties not having intervened — as was decided in the cases of Trull v. Skinner, 17 Pick. 213, and Harrison v. Phillips Academy, 12 Mass. 465; yet I believe no case can be found, in which it has been determined that the mortgagee can, by force of any agreement made at the time of creating the mortgage, entitle himself, at his own election, to hold the estate free from condition, and cutting off the right in equity of the mortgagor to redeem. Such an agreement would not be enforced as against a mortgagor ; nor is it to be confounded with a sale upon condition. Under these views, we are of opinion that the relation of these parties is that of mortgagee and mortgagor, and consequently that this court has no jurisdiction of the suit. The same must therefore stand dismissed, with costs for the tenant.