# HENRY TEICK

## *v.*

# BOARD OF COMMISSIONERS OF CARVER COUNTY.

An act of the Legislature, approved March 4th, 1868, entitled "An act to locate and open a State road from Yorkville, Carver county, to intersect the St. Paul road south of Gibson's, in Bloomington Township, Hennepin county," provided for the opening of a road between the points designated in said act, and further provided, that on the filing of the plat and field notes in the office of the Register of Deeds of Carver county, and a copy thereof in the office of the Register of Deeds of Hennepin county, "the location of said road should be deemed complete." *Held,* that until the map and field notes and duplicates thereof were filed in the counties designated, there was no valid location of the road, and until such location, the County Commissioners had no authority to take or condemn the lands over which the road was laid.

That the Legislature has not the power to take private property for public uses, without making provision for compensation, and when compensation is provided for, it must be ascertained and obtained in the manner prescribed by the statute.

A "case" having been duly made and settled below, and sent to this court attached to the judgment roll, the presumption is that it was so attached at the request of one of the parties, and it is the duty of this court to review any ruling or order (excepted to below) apparent in the "case," and necessarily affecting the judgment.

This action was brought in the District Court for Scott county. The complaint alleges that the defendant, without the consent and against the will of the plaintiff, broke into and entered upon certain lands and premises of the plaintiff situate in Carver county, under and by virtue of an act of the Legislature, entitled " An act to locate and open a State road from Yorkville, in Carver county, to intersect the Saint Paul

road, south of Gibson's, in Bloomington Township, Hennepin county," approved March 4th, 1863, and took, converted and appropriated about six acres thereof to and for the purposes named in the title of said act,   *   *   *   and then and there laid out and opened the same as such road, whereby the plaintiff has been damaged in the sum of $1000.   Demand of judgment for such damages and costs, &c.   *   *   *   The answer admits that in May or June, 1863, under and by virtue of said act of the Legislature, the defendant broke into and entered upon the premises, and took and appropriated the portion of the same mentioned in the complaint, by laying out and opening the same as a public highway or road under said act,   *   *   *   and denies the other allegations of the complaint.   The cause was tried by a referee, in May, 1865, who found and decided in favor of plaintiff, and upon the report a judgment was entered against the defendant on the 5th of June, 1865.   The act of March 4th, 1863, provided " that upon filing the plat and the field notes of survey of said road in the office of the Register of Deeds of Carver county, and a duplicate thereof in the office of the Register of Deeds of Hennepin county, the location of said road shall be deemed complete."   The referee, in his report, finds that said plat and field notes were filed in the office of the Register of Deeds of Carver county, *but does not find that such duplicate was filed in the office of the Register of Deeds of Hennepin county.*

The defendant appeals to this court from the judgment entered upon the report of the referee.

A motion was made in this court, to strike from the record the "case" attached to the return, and denied.

George L. Otis, and Henry Hinds, for appellant.

Brown and Peck, for respondent.

*By the Court*—WILSON, CH. J.—The plaintiff in his complaint alleges that the defendant was seized of the land in question, and that while he was so seized the defendant, under and by virtue of an act of the Legislature entitled " An act to locate and open a State road from Yorkville, Carver county, to intersect the St. Paul road, south of Gibson's, in Bloomington Township, Hennepin county," approved March 4, 1863, and without his consent, and against his will, broke and entered the said premises and took and converted and appropriated about six acres thereof to and for the purposes named in said act. That though the plaintiff has often demanded of the said defendant the payment to him of said damages, the defendant has not paid or secured the same or any part thereof. The answer admits that in May and June, 1863, under and by virtue of said act of the Legislature, the defendant broke and entered the premises in the complaint mentioned, and took and converted, and appropriated them to the purpose in the act mentioned, by laying out and opening a road or public highway over the same, and denies every other allegation. The special act under which it is alleged the defendant acted in entering upon said premises, declares that the road designated is thereby established a public highway; and it further provides, that on the filing of the plat and field notes in the office of the Register of Deeds of Carver county, and a copy thereof in the office of the Register of Deeds of Hennepin county, " the location of said road shall be deemed complete."

Until the map and duplicate were filed in the counties designated, we think there was no valid location of the road, and until such location the Commissioners had no authority to take or condemn the lands over which the road was laid. They could only take the land or an easement in it by a strict pursuance of the requirements of the statute, and as it is neither alleged nor proven, nor found as a fact by the referee, that the map or field notes, or a copy thereof, was filed in Hennepin county, it does not appear that the plaintiff has been divested

of his title, or that the county is liable for the value of the land. But even if this was not so, the plaintiff could not obtain the relief prayed for in this action. The Legislature, under our Constitution, have not the power to take private property for public use without making provision for a just compensation therefor, to be first paid or secured to the owner. See Pierce on Railways, 171 and cases cited; *Boston R. R. Co. v. Salem Bank*, 2 Gray, 37.

When compensation is provided for, it must be ascertained and obtained in accordance with the course prescribed by the statute. See Redfield on Railways, 173 (2d Ed.) and note, and cases cited in note; *Stevens v. Middlesex Canal*, 12 Mass. 468; *Dodge v. Co. Com.*, 3 Met. 381–2. In no point of view, therefore, can the plaintiff in this action recover the value of the land over which the road was laid; and as this is the principal relief prayed for, the judgment must be reversed and a new trial ordered. A "case" was made and settled below, and comes up here as a part of the judgment roll. The plaintiff's counsel objects to this, and asks to have it stricken from the record. We think that the motion should not be allowed. The fact that the "case" is attached to the roll, is sufficient evidence that it was attached at the request of one of the parties, which is all that is necessary. Comp. Stat. 566, Sec. 75. The case, when thus attached, became part of the record, and it is the duty of this court, on appeal, to review any ruling or order (excepted to below) apparent on the record, and necessarily affecting the judgment. The decision or report of a referee is to be reviewed in the same manner as the decision of the court.

Judgment of the court below reversed, and new trial ordered.