## BRENT *v.* MARYLAND.

1. Where in a proceeding to sell the real estate of a decedent for the payment of his debts the solicitor who presents the petition for the decree of sale is himself appointed trustee to make the sale, and himself becomes bound in bonds for the performance of the duties belonging to such appointment, and himself makes all the motions and procures all the orders under which the trustee's liability in the matter arises, he may, if he is liable for the non-payment of money which he was ordered by the court to pay, be sued without formal notice to him. He has notice in virtue of his professional and personal relations to the case.
2. Where a trustee in such a case has given bonds with surety in a penal sum to the State conditioned for the performance of his duties, children, entitled equally to a share in any surplus remaining after debts, expenses, &c., are paid from the proceeds of the sale, may, by the practice in the District of Columbia, after the exact amount of such share has been found by an auditor whose report is confirmed by the court, bring joint suit against the surety—the trustee being dead—in the name of the State, on the bond for the penal sum ; and a judgment for that sum to be discharged on the payment of the shares or sums certain found as above-said is regular.
3. Such joint suit, though against the surety of the trustee (the trustee in his lifetime having had notice of everything), may, in the District, be at law.

ERROR to the Supreme Court of the District of Columbia.

Boteler, of Prince George County, Maryland, died possessed of considerable real estate and of some personalty; owing to one Warner a debt which the personalty was not sufficient to pay, and leaving a widow and minor children. Administration being taken by his widow upon his estate, a petition was filed by Warner, February, 1853, in accordance with the laws of Maryland, against the widow and children, to subject this real estate to the payment of the debts.

Daniel Digges, Esquire, was the solicitor of the petitioner, and as such signed the petition praying for a decree of sale. The court made the decree prayed for, and appointed the said Digges, the solicitor, trustee to make it. He was required to give bond in $15,000 for the faithful performance of his duties as such trustee. This bond he gave with Norah Digges as one of his sureties; the bond being in the form usual in Maryland, that is to say, to the State, for the use of the parties interested in the real estate to be sold. By the decree ordering a sale the trustee was ordered to bring into court the money arising from such sale, and the bonds or notes taken for the same, all to be disposed of under the direction of the court. The trustee made sale and reported it to the court, but never brought into court the money, notes, or bonds.

In June, 1854—Digges still maintaining his relations to the case—an auditor was appointed to distribute the funds in the hands of the trustee. The auditor reported that of this fund there was due to each of the minor children the sum of $704.39¼. Thereupon the court, on the 11th of April, 1860—Digges still acting as solicitor—confirmed the report and ordered the trustee to pay over these sums to the parties entitled. The trustee did not pay over as ordered, and afterwards, in 1860 apparently, or 1861, died insolvent. His surety being also dead, and J. C. Brent being his executor, suit was brought *at law*, on the bond, against Brent, in the name of the State, by the children *jointly*. The auditor's report which was in the record did not mention that Daniel Digges, the solicitor in the case, had appeared before him or had notice of the report's being made. Nor did the declaration in the case aver or the evidence show that any service of any order to pay or any demand of payment had been specifically made on the said Daniel Digges, the trustee.

The defence was,

1. That the trustee, Daniel Digges, had no sufficient notice of the auditor's report and its confirmation.

2. That the plaintiffs could not *jointly* maintain their action.

3. That the remedy was in equity alone.

But the court overruled all the defences, and gave judgment for $15,000, the penalty of the bond, to be discharged upon payment of a sum specified to each of the plaintiffs therein. Thereupon the defendant brought the case here.

*Mr. T. T. Crittenden, for the plaintiff in error :*

. 1. The plaintiffs to sustain their suit ought to aver and prove a service of the order on the trustee, and a demand of payment of the sum specified therein. Nothing of that sort appears. It is, therefore, not pretended that Digges, the trustee, had notice of the auditor's report, yet he should have had it.

In *Oyster* v. *Annan*,\* the highest court of Maryland says:

" The trustee, as to the suit, is not in the situation of a common debtor who knows his liability, and whose business it is to look to a compliance with his engagement. The creditors are known to the trustee but through the medium of the court of chancery, where they file their respective demands to be adjusted by the auditor, and where disputes among them are disposed of by the chancellor, who finally determines what proportion of the sum of money reported is to be paid to each of them. This proceeding as to the trustee, is *res inter alios acta*, and it is but reasonable that when it terminates he shall be notified of the result, before any steps are taken against him, either by attachment or by action on his trustee's bond, against him and his sureties."

The point which we here make is one of substance, and we present it as a chief point of our case.

2. The suit is joint. It should have been several. The report found that there was due to each child a sum certain, to wit, $704.39¼. Each person could, therefore, have sued for himself.

3. So too the proceeding should have been in equity. The death of the trustee having rendered it impossible to give notice to him or to make demand of him, the surety should not be placed in a position of responsibility which had not attached to the principal. The death of the trustee was

---

\* 1 Gill & Johnson, 452, citing People v. Byron, 3 Johnson's Cases, 53.

such an accident as entitled the sureties to relief in equity. Such seems to be the doctrine of *State* v. *Digges*,* and of *Brooks* v. *Brooke*,† both of them Maryland cases of authority.

*Mr. S. S. Hencle, contra:*

1. All that is decided in *Oyster* v. *Annan,* is that the trustees should have notice. Digges, the trustee, had it. Numerous cases, English and American,‡ some of them referring to *Harris* v. *Ferrand,* reported by Hardres,§ so far back as the time of Charles II, show that if a party is solicitor in the case he has notice as of course.

2. That in such a case as this the parties can sue jointly, appears also by many cases.||

3. The third point of the opposite counsel rests on an assumption that the trustee had no notice. The assumption having been shown to be untrue the point disappears.

Mr. Justice HUNT delivered the opinion of the court.

The point chiefly insisted upon in the argument of the counsel for the plaintiff in error, is this: that Digges, the trustee, had no notice of the auditor's report and of its confirmation, and that for the want of such notice this action cannot be maintained. We are of the opinion that this point is not well taken. We recognize the soundness of the decision in *Oyster* v. *Annan* and other decisions in the State of Maryland, cited to us, that before a suit can be brought against a trustee, he must have had notice of the duty he is required to perform, and must have had an opportunity to perform it. In the case just named the court say: "The trustee, as to the suit, is not in the situation of a common debtor who knows his liability, and whose business it is to

---

* 21 Maryland, 240.                    † 12 Gill & Johnson, 319.

‡ Roper *v.* Holland, 3 Adolphus & Ellis, 99; Nichols *v.* Rensselaer, 22 Wendell, 127; Lessee *v.* Marckel, 2 Ohio, 263; Watson *v.* Walker, 3 Foster, 471; Lent *v.* Padelford, 10 Massachusetts, 230.

§ Page 36.

|| Hazlehurst *v.* Dallas, 4 Dallas, 95; McMechen *v.* The Mayor, 2 Harris & Johnson, 41; Kiersted *v.* The State, 1 Gill & Johnson, 231.

look to a compliance with his engagements. . . . This proceeding, as to the trustee, is *res inter alios acta,* and it is but reasonable that when it terminates, he shall be notified of the result before any steps are taken against him, either by attachment or by action on his trustee's bond against him and his sureties." These remarks are founded in good sense, and do not conflict with the authorities cited on the other side,* to the effect that where the trustee is himself an actor in the transaction, and has full knowledge of his duties, such notice and demand are not required.

Daniel Digges, the principal in the bond sued on, was not only the trustee, but he was the solicitor or attorney who procured himself to be appointed trustee, and as such solicitor himself procured the court to grant and the clerk to enter the orders, out of which the liability arises. Thus, after he had obtained the orders for the sale of the property, had sold the same and received the proceeds thereof, he caused an order to be entered in November, 1853, ratifying all that he had done. In June, 1854, he caused an order to be entered, referring it to an auditor to make distribution of the trust fund among the creditors and parties thereto entitled. In the execution of this order, Mr. Hance reported, in 1859, that there was due and payable to each of the plaintiffs, the sum of $704.39¼. On the 11th of April, 1860, Mr. Digges causes an order to be entered, finally ratifying the auditor's report, and ordering that the trustee be directed to pay all the trust fund to the several parties named in the auditor's report. Here was a positive direction to the trustee to pay specific sums to persons named, and without qualification or delay. He became an absolute debtor to each of them for the amount payable to each. The order was of his procuring, made and entered through his agency. That it should be necessary to give a man notice of what he had himself done, or that a demand of performance should be required of that which he had himself directed should be done by himself at once and without condition, would be

---

* See *supra,* p. 433.

quite remarkable. No such necessity exists. The case falls within the other principle referred to, that notice and demand are not necessary where the trustee is himself an actor and has full knowledge of all that is required to be done. He was, in the language of the court in *Oyster* v. *Annan*, "a common debtor who knows his liability, and whose business it is to look to a compliance with his engagements." No case has been cited to support the views of the plaintiff in error, and we think none can be found. In *State* v. *Digges*,[*] the court place their dismissal of the suit upon other grounds, and the circumstance that Mr. Digges was both the trustee and solicitor in the transaction, is not alluded to, either in the argument of counsel or in the opinion of the court.

The remaining objections, that the bond cannot be sued upon by the plaintiffs below jointly, and that the action cannot be maintained in a court of law, but that equity must be resorted to, are not sustained by the authorities. The suit in the present form in the name of the State, for the use of parties interested, is according to the practice in Maryland and in the District of Columbia.[†]

In *Brooks* v. *Brooke*, it was decided that the action against the sureties upon the bond could properly be brought in a court of law; and the circumstance that the trustee died before notice was given to him, where notice was necessary, it was held would justify the interposition of a court of equity. To the same purport is the case of *State* v. *Digges*, where it was held that the death of the trustee without having received notice of the order and demand of payment, required the action to be brought in a court of equity. The case is not applicable to an instance like the present, where notice and demand is not required to be given.

JUDGMENT AFFIRMED.

---

[*] 21 Maryland, 24.          [†] See Oyster v. Annan, cited *supra*.