(83 App. Div. 157.)

SCHLIMBACH v. McLEAN.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. JUDGMENT—CONFORMITY TO PLEADINGS.
     Plaintiff complained that during the years 1893 and 1894 he placed in defendant's custody, and allowed him to collect for him, certain money, to be repaid on demand; alleged a demand, and payment of part; and asked judgment for the balance. Defendant testified that he invested part of the money for plaintiff by buying a half interest in a bond and mortgage. Plaintiff testified that he never authorized such an investment, and that he supposed the transaction was a direct loan on a bond and mortgage. The mortgage was not due until 1897. *Held*, that plaintiff, in his averments, referred to the time when he intrusted his money to defendant, and not to the time when defendant was to receive the investment back, and a recovery by the plaintiff of the balance due, including the amount invested, was therefore not bad, as not within the pleadings.

2. DEMAND—EVIDENCE—SUFFICIENCY.
     If a creditor notifies his debtor that he will appear for payment on a day certain, and the creditor calls on that day for the sole purpose of receiving his due, and this is known to the debtor, there is sufficient evidence to warrant the finding of a demand by the creditor for the debt.

Appeal from Trial Term, Queens County.
Action by Robert Schlimbach against Donald McLean. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Albert Ritchie, for appellant.

Lucius L. Gilbert, for respondent.

JENKS, J.  The defendant attacks this judgment on two grounds: First, that the recovery was not within the pleadings; and, second, that no demand was made upon him.  The plaintiff in 1893 and 1894 intrusted certain moneys to the defendant, and authorized him to collect other moneys for him.  The referee finds that $2,000—a part of the money received by the defendant—had been invested by him for the benefit of the plaintiff.  The defendant testified that he lent this money by buying a half interest in a $4,000 bond and mortgage, and that he took an assignment of the bond and mortgage to himself as trustee, and made a declaration of trust.  The plaintiff testifies that he never authorized any loan in such fashion; that he never saw the bond and mortgage, or the assignment; and that he supposed that the transaction was a direct loan on a bond and mortgage.  It is not disputed that about $1,400 had been hitherto paid off on account of the principal.

The plaintiff complains that during the years 1893 and 1894 he placed in the defendant's custody, and allowed him to collect for him, to be repaid on demand, the aggregate sum of $7,989; alleges a demand, and payment of $6,505; and asks judgment for the balance.  The criticism of the defendant upon the pleading is founded upon the fact that $2,000 of this sum was invested as aforesaid, and that, inasmuch as the mortgage was not due until 1897, a recovery of any moneys so invested was not within the pleadings—in other words, that a complaint for moneys had and received by the defendant in 1893 and 1894 cannot authorize a recovery for moneys not received until 1897.  But there cannot be any doubt that the plaintiff is suing to recover moneys which the defendant received from him in those years, irrespective of any subsequent investment by the defendant.  The pleader does not refer to the time that the defendant was to receive the investment made by the defendant, but to the time when the plaintiff intrusted the money to the defendant.  There are two features of the pleadings which clarify:  The plaintiff's bill of particulars itemizes the very money from which the defendant testifies he took the funds for this investment, and the answer alleges that the moneys received from the plaintiff, or on his account, were received on the understanding and agreement that certain portions should be invested.  Now, the only portion invested is that put out on the bond and mortgage aforesaid.  It is to be borne in mind that the money so invested was not placed in the name of the plaintiff, but was still held by the defendant on his declaration of trust.

As to the demand:  The theory of the defendant is that he held this balance on trust.  He testifies that after he credited the plaintiff, on August 19, 1897, with a payment of $800 on the principal of the mortgage, the plaintiff said that there would be no further business between them, except to get the $600 on October 1st, when he should come for it; that he would like to get all the papers of his that were in the de-

fendant's possession; and that thereupon he took and receipted for all sorts of papers as a final winding up and settlement of everything except the payment due him on October 1st of the $600, with interest from April 27th. The defendant further testifies that on October 4th, the plaintiff called, when the defendant made up a statement of the amount due, and offered to him the check, as I have told. If it was fully understood by the defendant that the balance was to be paid by him at a time when the plaintiff called, and when the plaintiff did call he prepared for the payment, why was a demand necessary before the suit was brought? "The legitimate object of a demand is to enable the party to perform his contract or discharge his liability, agreeably to the nature of it, without a suit at law." Heard v. Lodge, 20 Pick. 53, 61, 32 Am. Dec. 197. At the appointed time the plaintiff came to receive his due, and the defendant, although admitting by his act that he owed the debt, nevertheless refused to pay it unless the plaintiff then executed a general release. The defendant's version of the interview does not show that he offered a settlement for the return of a general release, but that he gave the check, accepted a receipt, and thereafter called the plaintiff back, as he was going out, and insisted on the execution of a general release. He had no legal right to exact it. If the debt was due, it was his legal duty to tender the money. He could not even exact a receipt. Wood v. Hitchcock, 20 Wend. 47; Noyes v. Wyckoff, 114 N. Y. 204, 207, 21 N. E. 158; Glasscott v. Day, 5 Esp. 48. If one cannot demand a receipt—evidence of payment—a fortiori he cannot demand a formal instrument of discharge. In this case the trustee knew perfectly well that there was to be a settling day, and that the only matter for settlement was a balance due upon this trust mortgage. He prepared to pay, but refused to pay, basing that refusal upon an invalid ground. In Brent v. Maryland, 18 Wall. 430, 21 L. Ed. 777, the court held that where the trustee is an actor in a transaction, and has full knowledge of his duties, notice and demand are not required. But the referee has found that there was a demand. The plaintiff testifies that he repeatedly asked for an accounting of his money and the mortgages. And, as I have said, the defendant admits that the plaintiff told him that he would call on October 1st for the balance of his money, and did so, and he then held the check ready for the plaintiff. The plaintiff testifies that the defendant finally refused to give him the check unless he signed a general release. I think that the evidence may be held sufficient to sustain the finding of a demand. If a creditor notifies his debtor that he will appear for payment on a certain day, and the creditor calls upon that day for the sole purpose of receiving his due, and this is known to the debtor, I think that this evidence is sufficient to sustain a finding that there was a demand. Really, the whole dispute in this case is over the question of costs and interest. The referee has found for the plaintiff in the amount which the defendant was ready to pay, and which the plaintiff was ready to accept. Slight mutual concessions might have avoided the delay and the expense of this litigation.

The judgment should be affirmed, with costs. All concur.