## Wood *vs.* Hitchcock.

A *tender* of money in payment of a debt to be available, must be without qualification, i. e., there must not be anything raising the implication that the debtor intended to cut off or bar a claim for any amount beyond the sum tendered ; and *it was accordingly held,* in this case, that the tender of a sum of money *in full discharge of all demands of the creditor,* was not good.

This was an application to the court to set aside a *report of referees.* The action was *assumpsit,* and the declaration contained counts for goods sold, work done, materials found, and in the common money counts. The defendant pleaded *non-assumpsit* as to the promises, &c. *except as to the sum of* $85, and as to that sum a *tender* ; there was also a plea of set-off. On the hearing before the referees, the plaintiff offered to prove a demand for board, lodging and washing furnished for two sons of the

plaintiff at his request. The evidence was objected to as inadmissible under the counts of the declaration, and was rejected by the referees. Proof was then given of an attempt at a settlement, in which the *plaintiff* produced an account and claimed a balance in his favor of about $100 ; the defendant insisted that the balance due from him was only $77 : but in order to obtain a settlement of the accounts, offered to pay to the plaintiff the sum of $85 : which was refused to be accepted. The defendant then made a *formal tender* of the last mentioned sum *in full settlement and discharge of all demands which the plaintiff held against him ;* which tender the plaintiff refused to accept. Besides the above, there was evidence of work done by the plaintiff for the defendant. The referees *reported* that the defendant *did not tender* the sum of $85, *in modo et forma,* as alleged in the plea, and certified the sum of $85 to be due to the plaintiff. The defendant' moved to set aside the report.

*S. Stevens,* for the defendant.

*M. T. Reynolds,* for the plaintiff.

*By the Court,* COWEN, J. Very likely the defendant, when he made the tender, owed the plaintiff in the whole more than eighty-five dollars, but has succeeded, by raising technical difficulties, in reducing the report to that sum. Independent of that however, the tender was defective. It was clearly a tender to be accepted as the whole balance due, which is holden bad by all the books. 2 *Phil. Ev.* 7th ed. 133, 4. *Evans* v. *Judkins,* 4 *Campb.* 156. *Cheminant* v. *Thornton,* 2 *Carr. & Payne,* 50, and *Peacock* v. *Dickerson, in a note, id.* 51. *Strong* v. *Harvey,* 3 *Bing.* 304. *Mitchell* v. *King,* 6 *Carr. & Payne,* 237. The tender was also bad, because the defendant would not allow that he was even liable to the full amount of what he tendered. His act was within the rule which says he shall not make a protest against his liability. 2 *Phil. Ev.* 7th ed. 134. *Simmons* v. *Wilmott,* 3 *Esp. R.* 91. He must also avoid all counter claim,

Wood *v.* Hitchcock.

as of a set-off against part of the debt due. *2 Phil. Ev. 7th ed.* 134. *1 Chit. Gen. Pr.* 508. *Brady* v. *Jones*, *2 Dowl. & Ryl.* 305.

That this defendant intended to impose the terms or raise the the inference that the acceptance of the money should be in full, and thus conclude the plaintiff against litigating all farther or other claim, the referees were certainly entitled to say. That the defendant intended to question his liability to part of the amount tendered, is equally obvious, and his object was at the same time to adjust his counter claim. It is not of the nature of a tender to make conditions, terms or qualifications; but simply to pay the sum tendered as for an admitted debt. Interlarding any other object will always defeat the effect of the act as a tender. Even demanding a receipt, *2 Phil. Ev. 7th ed.* 134, or an intimation that it is expected, as by asking " have you got a receipt ?" will vitiate. *Ryder* v. *Townsend*, 7 *Dowl.* & *Ryl.* 119. The demand of a receipt in full, would of course be inadmissible.

The books are sufficiently nice as to the manner of a tender; but I think the case at bar shows that they are not so without reason. The person making the tender may avoid all implication against the idea of a qualification, or other circumstance destroying his tender; by making it in writing, and even negativing that it is on any condition, or reserve, or intended to prejudice the plaintiff's farther claim. Considering the exactness of the cases, and the chances to infer something against the defendant from the cross-examination of the tendering witness, Mr. Chitty advises to that course, with other cautionary steps in this respect. He even goes so far as to give the form of a notice which shall disembarrass the proceeding of all the clogs imposed by the cases. *1 Chit. Gen. Pr.* 508, *and note* (*i*), *Am. ed. of* 1834.

The motion to set aside the report of the referees must be denied.