By the Court.—Speir, J.
The appeal is from a judgment entered upon the verdict of a jury. The complaint alleges the making of two separate contracts whereby the plaintiff first agreed for $900 to make and deliver to the defendant a machine for perf ora ting No. 22 iron, 30 inches wide, with two sets of feed-rollers, with feed gear, with continuous and intermittent feed; and by the second the plaintiff for $280 agreed to make and deliver to defendant two sets of dies and punches. That under both agreements the defendant failed and neglected to pay the several sums of $900 and $280 therefor, or any part thereof, although the goods had been delivered to him. The answer admits making the contracts, but raises an issue as to whether plaintiff ever delivered the machines pursuant to the contract, which conformed to the requirements thereof, and thus cast on the plaintiff the burden of proving that he had performed his contract as. a. condition precedent to a recovery. In pleading the performance of a condition precedent in a contract it is not necessary to state facts constituting performance, but the pleader may state generally that the party or his representative duly performed all the conditions on his part.
The objection is made by the defendant that in this case he held the affirmative upon an issue of fact and was entitled to open and close the proof and to reply in summing up to the jury. This is a legal right not resting in the discretion of the court, and when denied, as it was in this case, he is entitled to a review upon this appeal. But the plaintiff held the affirmative. The answer raised the issue of non-performance of the contract, by a delivery of the machines which did not conform to the contract. *102 and the plaintiff was bound to establish performance.
On the rendition of the verdict by the jury the defendant excepted to the denial of a motion made by him. for a new trial on the judge’s minutes. The trial had then ended, and any exception to be available on an appeal from a judgment must be to a decision made upon the trial of the action. No order for a new trial had been entered and the defendant relies simply on the extracts from the judge’s minutes.
All the evidence is not contained in the case, although if appears the late learned chief judge commented on the testimony of seven or eight witnesses in his charge to the jury, none of which appears in the record. In Mahony v. People (3 Hun, 202), it is stated to be an elementary principle that “in'the absence of all the evidence given upon the trial the appellate court will assume, when the question is upon the sufficiency of the evidence, that that which is not returned to it warranted the ruling and justified the verdict.”
In addition to the foregoing I am of the opinion there is good ground for affirming this j udgment. The action is based upon executory contracts for the manufacture and sale of personal property, and was wholly in writing. The agreement was that the plaintiff would make for and deliver to the defendant a perforating machine capable of perforating No. 22 iron sheets, 30 inches wide, with two sets of feed-rollers, with feed gear, with continuous and intermittent feed. The legal obligation under the contract rested upon the plaintiff to furnish a machine proper and well fitted to do this work upon this description of iron, with feed-rollers and gear as described in the agreement. This machine, with the dies and punches, was delivered by the plaintiff to the defendant in performance of his contract. If there was a failure to do the work the plaintiff had agreed to do, or if the machine did not contain any of the specified *103 requisites, there was a failure on the plaintiff’s part to perform his contract. If, on the other hand, the defendant received the machine, dies and punches, and after a reasonable time for examination failed to return or failed to offer to return them because they did not meet the requirements of the contract, then he waived all imperfections and accepted the performance tendered. In short, whatever the agreement was, whether express or implied, it was embodied in the contract itself and was not a special warranty or agreement collateral to it. There was no special warranty given in addition to the warranty implied by law to the contract, to make and deliver a machine designed for and fit to perform the work. It is not pretended that the defendant was bound to accept the property except upon, this condition. This he was to determine upon the receipt of the property, and in fact did decide to retain it. He did not return it nor offer to return it except upon condition that the plaintiff would pay him §300 without prejudice to any suit. To make a valid tender it must be made without the imposition of any condition, restriction or qualification (Roosevelt v. Bull’s Head Bank, 45 Barb. 379; Wood v. Hitchcock, 20 Wend. 47). A party who seeks to rescind a contract must rescind in toto, and place the opposite party in the position he was in before the contract was made. If the defendant did not accept the performance tendered by the plaintiff, the burden rested upon him to show a return or offer to return the machine. This he not only failed to do but testified himself to the contrary.
The several exceptions taken in the case cannot, we think, change the result.
The judgment and order appealed from must be .affirmed with costs.
Freedman, J., concurred.