BUFFALO BARB WIRE COMPANY, Respondent, vs. PHILLIPS and another, Appellants.

*October 15 — November 3, 1885.*

PRACTICE: PLEADING.  *(1) Admission of part of claim: Order for payment. (2) Damages: Loss of business by failure to deliver goods ordered.*

1. Where the answer admits part of the plaintiff's claim to be just, an order may be entered requiring payment of that part.
2. Allegations, in a counterclaim, that the failure of the plaintiff to deliver goods of the kind and quality ordered prevented defendants from entering into the business of selling them in the season therefor, to their damage, etc., are insufficient to lay a foundation for the recovery of damages without a further allegation that the plaintiff knew the special circumstances and the purpose for which the goods were ordered.

APPEAL from the County Court of *Milwaukee* County.

Action upon an account for wire sold to the defendants to the amount of $948.11. The answer, after denying all allegations of the complaint except as admitted, admitted that the defendants purchased the wire of the plaintiff but denied that it was " worth the sum of $948.11, or any other sum except the sum of $598.11." It also contained a counterclaim for breaches of warranty as to quality of the wire, by reason whereof the defendants " have been injured and damaged in the sum of $350, which is the difference in value of said wire from that purchased, which they ask shall be recouped from the amount claimed by the plaintiff herein, and ask judgment herein against the plaintiff for said amount of $350, to be deducted from the amount claimed by the plaintiff herein, and the dismissal of said complaint with costs."

The plaintiff replied denying the allegations of the counterclaim, and subsequently applied for an order requiring the defendants to pay $598.11, on the ground that that sum

was admitted by the answer to be due. The court granted such order, and the defendants duly excepted thereto.

Afterwards the defendants served an amended answer, in which, by way of counterclaim, they alleged that by reason of the breaches of warranty they were damaged (1) by being delayed and prevented from entering into in its season that branch of their business which consisted of dealing in fence wire, and by being otherwise injured in their business, in the sum of $650; (2) by the difference between the value of the said wire as purchased and the real value of the same as received and delivered, in the sum of $350. Other allegations of the amended answer will appear from the opinion.

Upon this answer the defendants moved to set aside the order requiring payment of $598.11 to the plaintiff. The motion was denied, and the defendant duly excepted.

This appeal is from the order requiring the payment and from the order refusing to set aside that order.

*Charles M. Bice*, for the appellants.

For the respondent there was a brief by *Finches, Lynde & Miller*, attorneys, and *B. K. Miller, Jr.*, of counsel, and the cause was argued orally by *Mr. B. K. Miller, Jr.*

COLE, C. J. The order requiring the defendants to pay $598.11, admitted to be due in the original answer, was fully authorized by sec. 2892, R. S. *Sellers v. Union Lumbering Co.* 36 Wis. 398. It seems to us too plain for argument that the answer admitted the plaintiff's claim to that extent to be just, therefore no further comment will be made on that point.

Assuming that this order was correctly made upon the pleadings as they then stood, was there any error in the refusal of the court to set it aside and allow the amended answer to be filed? We think not. Both the original and amended answer claimed damages for a breach of warranty in the quality of the wire, and on account of the looseness

of the barbs on the same, in the sum of $350. But in the amended answer an additional claim for damages is set up, which is that by reason of the failure of the plaintiff to deliver to the defendants wire of the kind, quality and description agreed upon, the defendants were delayed and prevented from entering into that branch of business in its season, and were thereby injured in the sum of $650.

There is no allegation in either answer that the plaintiff undertook and agreed to deliver the wire in any specified time, nor does it appear when in fact it was delivered. Nor is there any averment that the plaintiff was informed, when the wire was ordered, as to what use it was to be put, or that the defendants purchased it for sale in their business. From the allegation in the amended answer that the defendants were engaged in the wholesale agricultural implement trade in the city of Milwaukee when the plaintiff's agent called at their place of business and took the order for the wire, it may be inferred the agent knew the business in which the defendants were engaged. But this is not enough. To lay the foundation for damages for loss in their business because defendants were prevented by the delay from entering into that branch of business in its season, it should distinctly appear that the special circumstances were communicated to the plaintiff's agent when the order was taken, and he was informed of the purpose for which the wire was purchased. Otherwise no damages could be recovered on that ground. This question is considered in the recent case of *Thomas, Badgley & Wentworth M. Co. v. W., St. L. & P. R. Co.* 62 Wis. 642, to which we refer for our views on this point. There were no facts stated in the amended answer which would sustain a claim for special damages on the ground that the defendants were injured in their business by reason of the failure of the plaintiff to deliver the wire as it had agreed to do. So, really, the amended answer contained no additional claim for damages which could be

recovered in the action.    It was therefore not error to refuse to allow it to be filed.

*By the Court.*— The orders of the county court appealed from are affirmed.