DANIEL J. NOYES, Appellant, v. JOHN T. WYCKOFF, Respondent.

Defendant held a chattel mortgage, given to secure a debt payable upon demand, covering a quantity of iron ore lying upon a farm owned by E., the mortgagor. E. sold the farm and the ore to plaintiff, the deed being made "subject to the existing liens;" the latter made a tender to defendant of $3,200 in payment and extinguishment of the lien of the mortgage. This defendant refused to accept on the ground that the amount tendered was insufficient, and thereafter entered upon the farm and sold the ore, becoming himself the purchaser. In an action for conversion it was conceded by defendant that the tender was sufficient in amount, but it was claimed that it was defective in form. Plaintiff testified, as to the tender, as follows: "I tendered and offered the money to him unconditionally and in payment and extinguishment of his lien." *Held,* that the tender was insufficient, as it was conditioned upon an extinguishment of the lien, which condition plaintiff had no right to attach to the acceptance; also, that, as plaintiff had not assumed payment of the debt, and took upon himself no duty or obligation in reference thereto, he could not make a legal and valid tender, as a tender before the debt was due would be ineffectual to destroy the security, and the debt only became due on demand of defendant or tender by the debtor.

Where a tender is relied upon, the party pleading it must show it to have been absolute and free from all conditions.

*Mem.* of decision below, 30 Hun, 466.

(Argued March 25, 1889; decided April 23, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made the second Monday of September, 1883, which reversed a judgment in favor of plaintiff, entered upon the report of a referee and ordered a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John L. Hill* for appellant. The fact that the mortgage was given to secure a part of the consideration makes no difference with the right of a subsequent purchaser to extinguish the lien by tender. (*Kortright* v. *Cady*, 21 N. Y. 343; *Tuthill* v. *Morris*, 81 id. 99, 100: *Tiffany* v. *St. John*, 65 id. 314; *Frost* v. *Y. S. Bk.*, 70 id. 558.) The plaintiff's tender was sufficient both in amount and form, and extin-

guished the lien upon the ore. ( *Wood* v. *Hitchcock*, 20 Wend. 47, 48; *Kortright* v. *Cady*, 21 N. Y. 366; *Frost* v. *Y. S. Bk.*, 70 id. 553; *Brown* v. *Owen*, 11 Q. B. 130; *Gassett* v. *Andover*, 21 Vt. 342; *Marsden* v. *Goole*, 2 Car. & K. 133; *Tiffany* v. *St. John*, 65 N. Y. 314; *Tuthill* v. *Morris*, 81 id. 94.) The plaintiff was liable for the entire quantity of ore which he sold. His act in selling and removing a part of the ore was a conversion thereof. (*S. S. Nat. Bk.* v. *Wheeler*, 48 N. Y. 492, 495; *Tiffany* v. *St. John*, 65 id. 314; 1 Hilliard on Torts [2d ed.] 90, 91; 2 id. 102.) Defendant cannot offset or recoup the debt against the damages. (Code, § 501; *Reed* v. *Latson*, 15 Barb. 9; *Peabody* v. *Bloomer*, 5 Duer, 678; 6 id. 53; 3 Abb. Pr. 353 *Drake* v. *Cockroft*, 4 E. D. Smith, 10 How. 371.)

*Edward F. Brown* for respondent. The tender being clearly bad in form on plaintiff's own showing, his action must fail for want of a valid tender. (*Harris* v. *Jex*, 66 Barb. 232; 5 Abb N. Y. Dig. 706, §§ 14, 15.) A chattel mortgage is a sale, not a pledge; it passes the legal title of the lien to the mortgagee, subject to being defeated only by performance of the condition, and liable to be forfeited and to become absolute in the mortgagee by default. (*Hulsen* v. *Walter*, 34 How. 385; 2 Abb. N. Y. Dig. 41, 42; *Butler* v. *Miller*, 1 N. Y. 496, 500.) If default is made in the payment of a sum secured by a chattel mortgage, the title vests absolutely in the mortgagee; and, if he then takes possession, the mortgagor is entitled to have the whole value of the property applied upon the debt unless a sale is made; in which case, if a deficiency arises, the mortgagor is liable for the amount. But a sale to the mortgagee himself is not such a sale as will change the relation of the parties. (*Pulver* v. *Richardson*, 3 T. & C. 436; 3 J. & S. 536; *Halstead* v. *Schwartz*, 1 T. & C. 559; *Burdeck* v. *McVanner*, 2 Denio, 170; *Dane* v. *Mallory*, 16 Barb. 46.)

BROWN, J. This case comes to us upon an appeal by the plaintiff from an order of the General Term of the second judicial department which reversed a judgment in his favor entered

upon a report of a referee and directed a new trial. The plaintiff has given the usual stipulation for judgment absolute against him in case the order appealed from is affirmed. The defendant was the holder of a chattel mortgage upon a lot of iron ore lying upon a farm in New Jersey owned by Elizabeth Fitzgerald and known as the "Styles farm." The mortgage upon its face was given as security for the payment of a promissory note, bearing even date with the mortgage, made by Henry W. Fitzgerald, and payable, on demand, for the sum of $1,900. Defendant also held a deed of the farm given as security for advances made to Miss Fitzgerald, but which was, in fact, a mortgage and admitted to be such. Plaintiff purchased the farm and the ore from Miss Fitzgerald on November 16, 1880. The deed of the farm was "subject to the existing liens." With reference to the chattel mortgage, the referee has found that it was intended to be drawn to secure the payment of $3,102, and by mistake was drawn for the sum named in it, and it is admitted in the case, "that it was a valid lien upon said iron ore for at least $3,100, and that plaintiff took title with knowledge of the existence of such lien and its amount, and that it was intended to be payable in, and is governed as a contract by the laws of New York." On December 3, 1880, plaintiff tendered to the defendant $3,200 in payment and extinguishment of the lien of the mortgage on said iron ore. At that time defendant claimed more to be due to him than was tendered. No question is now made, however, that the tender was insufficient in amount, but the point is taken that it was defective in form.

Defendant refused to accept the amount tendered, and, on June 18, 1881, entered upon the farm and sold all the ore covered by the mortgage, and at such sale became himself the purchaser. This action was thereupon brought by the plaintiff to recover for a conversion of the ore, and he had judgment at the trial. If upon the record before us any sufficient ground appears for the reversal of the judgment entered upon the referee's report, the order of the General Term must be sustained. (*Mackay* v. *Lewis*, 73 N. Y. 382.)

Numerous questions have been argued upon the briefs submitted, but it is necessary to refer to but two of them, as upon these the order of the General Term must be affirmed.

The tender made by the plaintiff was clearly bad in form. A tender of money in payment of a debt, to be available as a defense or as the foundation of an action in favor of the party making the tender, must be without qualification. There is no principle by which a party is to be absolutely barred from litigating his claim for a larger sum than that paid, merely because he accepts part. The actual acceptance of the amount tendered would only extinguish a claim in case it was the whole amount due. If less than the amount due is tendered and accepted, it would extinguish the debt *pro tanto*, and the creditor would be entitled to interest on the balance, and hold whatever security he had as indemnity for the payment of such balance. It follows that if the tender is relied on as a defense, or as the foundation of an action, the party pleading it must show it to have been absolute and free from all conditions, and such are the authorities.

In *Wood* v. *Hitchcock* (20 Wend. 47) the tender was "in full settlement and discharge of all demands which plaintiff held against him." It was held bad and within the rule that the party making the tender shall not make a protest against his liability. To request the creditor to sign a satisfaction piece vitiates the tender. (*Roosevelt* v. *Bull's Head Bank*, 45 Barb. 579.) To demand a receipt vitiates the tender. (2 Phil. Ev. 134.) To demand a receipt in full is bad. (*Wood* v. *Hitchcock, supra; Frost* v. *Yonkers Savings Bank*, 70 N. Y. 558.)

Here the plaintiff testified as to the tender as follows: "I tendered and offered the money to him unconditionally and in payment and *extinguishment of his lien* upon the iron ore mined on the farm and at Ironia Station, mentioned in his chattel mortgage," etc. It is claimed by the plaintiff that the use of the word "unconditionally" relieved the tender from the objection urged. Standing alone this word would undoubtedly have the meaning given it by the referee, but the express condition

that followed it cannot be ignored. The tender is best tested by the effect its acceptance would have had upon the defendant, and it needs no argument to show that had it been accepted, it must have been upon the terms offered, viz., in payment of the debt and *extinguishment of the lien of the chattel mortgage,* for the words used have no other meaning. This was a condition which plaintiff had no right to attach to its acceptance. He could not say " I offer you this money in payment of your debt, but if you take it you must extinguish your lien upon the iron ore." Whether its acceptance would extinguish the mortgage was a question which defendant had a right to litigate, and to demand that in accepting the money offered defendant should create an estoppel, which would prevent him from litigating the amount due on the mortgage, was a condition which plaintiff could not attach to the offer, and which being coupled with it made the tender bad. Nor am I able to see, under the evidence and findings of the referee, that the plaintiff had the right to make a legal and valid tender of the debt for which the chattel mortgage was security. Clearly a tender of the debt before it was due would be ineffectual to destroy the security. The debt was payable on demand and would be due either on the demand of the defendant or on the tender of the debtor. The plaintiff did not assume payment of the debt in purchasing the property, and took upon himself no duty or obligation in reference thereto. So far as the contract between Fitzgerald and defendant is concerned, he is an entire stranger.

The defendant claimed the debt was due by reason of a demand made by him upon Fitzgerald, but the referee has found that no such demand was made and that the note was not due, and there is no evidence that Fitzgerald offered at any time to pay the debt.

In view of these facts, we think the plaintiff was not in a position to perform the condition of the mortgage by a tender of the debt, and nothing short of absolute payment by him and acceptance by the creditor could vest him with the title to the property.

The order of the General Term should be affirmed, and judgment absolute ordered for defendant on the stipulation, with costs.

All concur, except FOLLETT, Ch. J., not voting.

Judgment accordingly.