(58 App. Div. 565.)

### SHILAND et al. v. LOEB.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

1. ATTORNEY AND CLIENT—COMPENSATION—TENDER OF PAYMENT—EVIDENCE PROPERLY EXCLUDED.

Where, in assumpsit for attorney's services, the defendant alleged that he was liable for one-half of plaintiff's bill, and that he had tendered payment of one-half of the amount of the bill presented, but did not allege that the money was deposited in court, or the offer kept good, evidence of a written stipulation stating that a tender of one-half the bill had been made by the defendant "in payment of all claims against him" was properly rejected, as no valid tender was alleged.

2. SAME—VALUE OF SERVICES—FINDING OF JURY.

In assumpsit for attorney's services, a tender "in payment of all claims" against defendant of a sum less than one-half the amount the jury found as the value of plaintiff's services was no defense to the action.

3. SAME—BILL RENDERED NOT CONCLUSIVE OF VALUE.

In quantum meruit for attorney's services, the plaintiffs were not concluded as to the value of their services by the amount of a bill rendered by them, where payment was neither made nor tendered.

Appeal from trial term, Kings county.

Action by Andrew Shiland, Jr., and another against Gustave Loeb. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Franklin Bien, for appellant.

Herbert B. Shoemaker, for respondents.

GOODRICH, P. J.  The plaintiffs, who are attorneys at law, sue-
for $560, on quantum meruit, for professional services rendered by
them for the defendant in an action brought against him by Franklin
Paine in the United States circuit court.  The answer denied the ren-
dition of services to him individually and solely, and alleged that it
was agreed that the services should be paid for, one-half by one
Duryea, and one-half by the defendant, and that, the plaintiffs having
rendered a bill for $375, the defendant tendered one-half that amount.
It was not alleged that the defendant had made any payment of the-
amount into court, or had continued in readiness to pay the same..
The jury rendered a verdict for $400 and interest, and the defendant
appeals.

At the trial a stipulation between the parties was offered in evi-
dence,—that the defendant's attorney had "tendered to plaintiffs-
$187.50 in U. S. currency, at the same time stating, 'At the request
of Mr. Loeb, I herewith tender to you the sum of $187.50 in payment
of all claims that you have against him,' and the plaintiffs thereupon
declined to accept the same in payment of all claims"; the plaintiffs.
reserving the same rights to object to the admission of the stipula-
tion in evidence that they would have had to the admission of evi-
dence of the fact admitted, had not the stipulation been made.  The
tender was not unconditional.  It was an offer of money in settle-
ment of all claim.  This does not constitute a tender.  Noyes v.
Wyckoff, 114 N. Y. 204, 21 N. E. 158.  Nor was any offer made to
pay the amount at the trial.  Besides, the jury found the value of
the plaintiffs' services to have been more than twice the amount of
the offer, so even a valid tender of the amount offered would not
have been a good defense to the action.  This disposes of all excep-
tions to the refusal of the court to allow evidence on the subject of
a tender.

The plaintiffs were not concluded as to the value of their services
by the bill for $375 rendered by them, as the amount was neither paid
nor tendered.  Williams v. Glenny, 16 N. Y. 389.  We have examined
the exceptions respecting evidence and charge, and find none tenable..
The judgment and order should be affirmed.

Judgment and order affirmed, with costs.  All concur.