MANN, Respondent, vs. ROBERTS, Appellant.

*October 24—November 14, 1905.*

*Tender before suit: Part of claim admitted: Order to satisfy: Interest.*

1. An offer of a certain sum in full settlement of a claim for a larger amount does not constitute a good tender.
2. When a part of plaintiff's claim is admitted by the answer, and there was no valid tender before suit, plaintiff is entitled, under sec. 2892, Stats. 1898, to an order that defendant satisfy that part of the claim, with interest from the time when it is admitted that the same became due.

APPEAL from an order of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

Action on contract. The complaint alleges, in effect, that on May 9, 1904, plaintiff leased to defendant a steam shovel with trucks and appliances for the purpose of digging a ditch across a cranberry marsh, and until said ditch should be completed, which time was estimated at from forty to sixty days; that said shovel was to be returned after sixty days upon ten days' written demand by plaintiff; that by said agreement the shovel and appliances were to be shipped to defendant by plaintiff in good working order, the defendant agreeing to keep the same in good order and repair, and replace all parts that might be broken prior to redelivery to plaintiff in as good condition as the same were at the time they were shipped, except ordinary wear, defendant paying freight and shipping expenses both ways between Embarrass and Milwaukee; that

defendant agreed to pay $25 per day of ten hours each for the use of said shovel, Sundays excepted, from the time the same arrived at Embarrass until delivered on cars there, consigned to plaintiff at Milwaukee, and, if the machine worked more than ten hours a day, $2.50 per hour was to be paid for such extra time; that defendant also agreed to engage the crew formerly hired by plaintiff to operate the shovel at the same pay formerly received; that under this contract the shovel and appliances were forthwith shipped to Embarrass, Wisconsin, and arrived there on the 17th day of May, 1904, and were set to work by defendant; that after being at work for a time, and without good reason, the defendant abandoned the work and returned the shovel and appliances to Milwaukee on or about the 18th day of June, 1904, without the consent of the plaintiff; that said machinery was left by defendant on a side track in the city of Milwaukee, and plaintiff refused to accept the same; that it would have taken, in the ordinary course of work, more than sixty days to complete the ditch in question; that since the return of said machinery plaintiff has been unable to find employment therefor; that defendant has refused to pay, although payment was duly demanded; that when said machinery was returned to Milwaukee, it was found that a portion of the fittings, appliances, etc., had been removed and were missing; that said removed parts were reasonably worth $100, and the same have not been replaced or paid for by defendant. Judgment is demanded for $1,500 for the use of the shovel and appliances, and for the sum of $100 damages for the parts removed.

Defendant answered admitting that he leased from plaintiff the shovel and appliances referred to in the complaint for the purpose of digging the ditch at Embarrass, but denies that they were leased for any fixed period of time; admits that the shovel and appliances were in good working order and were received by him at Embarrass, and alleges that on May 9, 1904, he entered into a written contract, by the terms

of which plaintiff agreed to lease to defendant the shovel and appliances in question; that defendant agreed to keep the same in good repair, and replace all broken parts prior to redelivery to plaintiff and pay the freight and shipping expenses, and pay plaintiff $25 a day for each day of ten hours, except Sundays, for the use of said shovel and appliances from the time the same arrived at Embarrass until redelivered on board cars there consigned to plaintiff at Milwaukee, and no other or further sum; that defendant agreed to engage the crew of men hired by plaintiff to operate the shovel; that the shovel and appliances were received at Embarrass May 18, 1904, and used by defendant twenty-one days after the date of arrival, and there is due and owing from defendant under the contract the sum of $525; that on the 11th day of June, 1904, defendant returned and loaded on cars at Embarrass said shovel and appliances consigned to plaintiff at Milwaukee; that on the 15th day of June, 1904, defendant and plaintiff met for the purpose of adjusting and settling said matter, and that defendant then and there offered plaintiff the sum of $525 in full settlement of the indebtedness for the use of said shovel and appliances, and plaintiff then and there refused to accept the same; that defendant ever since has been and now is ready and willing to pay said sum and bring the money into court for the use of plaintiff and in discharge of the indebtedness incurred by said contract and the terms thereof; that defendant complied with all the terms and conditions of said contract, and owes plaintiff no further sum.

On the pleadings plaintiff moved the court for an order directing defendant to settle that part of the plaintiff's claim which was admitted by the answer, to wit, $525, and that he be required to pay interest on said sum from June 15, 1904, at six per cent. The motion was based upon the complaint, answer, and affidavit of Lyman G. Wheeler, one of plaintiff's attorneys, which affidavit set up, in effect, that affiant was the attorney of plaintiff and made the affidavit on his behalf;

that no money had been paid into court by defendant; and that the affidavit was made to be used upon the motion to require the payment to plaintiff of the sum admitted in the answer to be just. Upon this motion the court ordered that defendant forthwith satisfy that part of the plaintiff's claim admitted by the answer to be just, to wit, the sum of $525, and interest from June 15, 1904, at six per cent., to which order defendant excepted.

For the appellant there was a brief by *J. W. Wegner,* attorney, and *A. H. Blatchley,* of counsel, and oral argument by *Mr. Blatchley.*

For the respondent there was a brief by *Wheeler & Perry,* and oral argument by *Lyman G. Wheeler.*

KERWIN, J. This action is brought to recover $1,600 claimed to be due plaintiff on contract referred to in the foregoing statement of facts. Defendant in his answer admits that before action brought and on June 15, 1904, he was indebted to the plaintiff in the sum of $525 for the use of the machinery referred to in the complaint. The defendant, however, contends that his answer shows a tender of this amount admitted to be due before action was brought and on June 15, 1904, and therefore plaintiff was not entitled to the remedy provided for by sec. 2892, Stats. 1898; that in case of plea of tender before suit, kept good, sec. 2892, Stats. 1898, has no application, but that the action is governed by secs. 4265, 4267, Stats. 1898. If the appellant had pleaded a tender before action brought, and that such tender had been kept good, as claimed, there would be much force in this contention. The main contention, therefore, and the one upon which this case must turn, is whether the answer shows a good tender before action brought. If so, then the plaintiff was not entitled to the remedy provided by sec. 2892, Stats. 1898. But, on the contrary, if no tender was pleaded and the answer admits indebtedness of $525, he was entitled to such

remedy, and the court was right in ordering defendant to pay the sum of $525 admitted to be due by the answer. The allegations of the answer respecting tender are, in effect, that on the 15th day of June, 1904, defendant and plaintiff met for the purpose of adjusting and settling said matter, and that defendant then and there offered plaintiff the sum of $525 in full settlement of the indebtedness for the use of said shovel and appliances, and plaintiff then and there refused to accept the same; that defendant ever since has been and now is ready and willing to pay said sum and bring the money into court for the use of the plaintiff and in discharge of the indebtedness incurred by said contract and the terms thereof.

It is very clear that these allegations do not constitute a good tender. In order to constitute a valid tender it must be an unconditional offer of the amount tendered. An offer to pay a certain sum of money in satisfaction of the whole debt is not sufficient. *Elderkin v. Fellows*, 60 Wis. 339, 19 N. W. 101; *Latham v. Hartford*, 27 Kan. 249; 2 Greenl. Ev. § 605; *Noyes v. Wyckoff*, 114 N. Y. 204, 21 N. E. 158. A tender of money in order to be available as a defense must be without qualification or condition. It must not be coupled with any condition or qualification which, if accepted, would prejudice the right of the party to whom the amount is tendered in the litigation of his claim for a larger sum. So a tender "in full settlement and discharge of all demands which plaintiff held against him" is not a good tender. *Wood v. Hitchcock*, 20 Wend. 47. It is quite clear from the allegations of the answer in the case before us that the offer to pay $525 was an offer in payment and satisfaction of the amount due from defendant to plaintiff under the contract sued upon. According to the allegations of the answer the offer was made in full settlement of the plaintiff's claim. The offer of payment was in the nature of an offer of compromise and settlement and not such an unconditional offer to pay $525 as would constitute a tender. *Shiland v. Loeb*, 69 N. Y. Supp.

11; *Richardson v. Boston C. L.* 9 Met. 42; *Roosevelt v. Bull's Head Bank,* 45 Barb. 579; *Irvin v. Gregory,* 13 Gray, 215; *Thayer v. Brackett,* 12 Mass. 465.

There being no tender before suit, and defendant having admitted the indebtedness of $525, plaintiff was entitled to an order for the payment thereof. Sec. 2892, Stats. 1898. It is further claimed by appellant that the court erred in ordering the payment of $525 and interest from June 15, 1904; but it appears from the allegations of the answer that the $525 was due on June 15, 1904, and there having been no tender so as to deprive plaintiff of the remedy provided by sec. 2892, Stats. 1898, he was entitled to an order for the payment of the amount due, which, of course, includes interest from June 15, 1904, the time at which it is admitted by the answer said sum became due. Therefore there was no error in ordering payment of interest. The order of the court below was fully authorized under the pleadings, and, being in compliance with sec. 2892, Stats. 1898, no error was committed. *Buffalo B. W. Co. v. Phillips,* 64 Wis. 338, 25 N. W. 208; *Sellers v. Union L. Co.* 36 Wis. 398.

*By the Court.*—The order of the court below is affirmed.