ZELLS v. STOCKWELL.

1. TENDER—JUDGMENT—ACTIONS—STATUTES.
  In an action for money collected by an attorney at law, who paid into court half of the amount claimed, subject to ·certain garnishment proceedings then pending against such attorney, subject to the lien, if any, of plaintiff's attorney, and of defendant for costs, plaintiff could not be required to recognize the conditional tender which failed to conform to the provisions of 3 Comp. Laws, §§ 10405 and 10406.

2. SAME—INSTRUCTIONS TO JURY.
  The verdict being for an amount greater than that tendered into court, error of the circuit court giving or refusing instructions to the jury concerning the effect of the tender was immaterial.

3. SAME—CONDITIONAL TENDER—PRACTICE—VERDICT.
  And it should have been treated as an insufficient tender by the court, and plaintiff was entitled to entry of judgment for the full amount of the verdict undiminished by the ineffectual tender.

Error to St. Clair; Tappan, J. Submitted June 7, 1912. (Docket No. 42.) Decided July 11, 1912.

Case by Louis Zells against Elmer E. Stockwell by *capias ad respondendum* for failure to account for funds collected as plaintiff's agent and attorney. Judgment for plaintiff for less than the damages claimed. Plaintiff brings error. Reversed and remanded to correct judgment entry.

*J. W. Bennett* and *James A. Muir,* for appellant.

*C. L. Benedict,* for appellee.

STEERE, J. This cause is before us on a writ of error to the circuit court of St. Clair county without a bill of exceptions, the printed record consisting of the files and

records of proceedings in said court and appellant's assignments of error. The record shows suit commenced by *capias ad respondendum* issued July 2, 1910. A declaration, duly filed, being in a plea of trespass on the case, charged misconduct of defendant, an attorney at law, in neglecting and refusing for over three years to account for and pay over to plaintiff the sum of $200.05, less his fees, which amount he had collected on April 25, 1907, in his professional capacity for plaintiff on a note and mortgage intrusted to him for collection. Defendant pleaded the general issue, giving notice, as special defense, of a suit in garnishment by the St. Clair County Savings Bank, begun against him as garnishee of the plaintiff on April 21, 1910, followed by a judgment therein for $100.05, which he alleged he had paid, also of a second suit in garnishment, by the same bank, then pending against him as garnishee of plaintiff, begun in justice's court on August 5, 1910, and yet undetermined. No tender was pleaded.

There were no further pleadings in the cause, but two days before trial in the circuit court the defendant tendered into court $100.05 and filed notice with the clerk of said court that such tender was made subject to garnishee proceedings pending and set forth in his said plea, also to all liens of J. W. Bennett, attorney for plaintiff herein, and all liens defendant himself might have by virtue of taxable costs. The record shows that this suit was tried before a jury, a verdict being rendered in favor of the plaintiff and against defendant on May 25, 1911, for the sum of $120.46, which verdict was duly entered on the journal of said court and signed by the judge thereof. On July 17, 1911, plaintiff, through his attorney, moved the court for judgment on said verdict for the amount thereof, with costs, refusing to accept or recognize said alleged tender because the verdict exceeded the sum of $100, and plaintiff's claim was not reduced by set-off to less than $100, and no tender of any sum was made unconditionally. This motion was denied by the court, and judgment en-

tered on said verdict for $20.41, with costs. Following this plaintiff moved for an order directing the clerk to pay him the $100.05 tendered into court, which motion was denied, whereupon plaintiff renounced in writing, filed in the case and presented to the court, all claims for the money so tendered into court, and again moved for a judgment upon said verdict for the amount determined and rendered by the jury, which motion was denied. The printed record also contains certain somewhat acrimonious affidavits, and other proceedings filed and had in the case, which we do not deem pertinent to the legal question now presented.

Error is assigned on the entry of judgment for a different and lesser amount than the verdict of the jury and on the refusal of the court, after plaintiff renounced all claims to the sum conditionally tendered, to grant his motion for a judgment for the full amount of the verdict. In denying the plaintiff's motion that the court direct the clerk to pay over to him the amount of tender, the learned circuit judge filed reasons, it being his opinion that some notice should first be given, and supplemental proceedings had to determine the rights of any claimants to the fund. No further reasons appear to have been given for denying plaintiff's subsequent application for full judgment on the verdict after renouncing any interest in or claim to said tender. The alleged tender was conditional, and, under the conditions, in no sense subject to plaintiff's acquisition or control. The court properly refused to invade the conditions and order the clerk to pay it over to plaintiff.

Plaintiff could not be required to accept or recognize a conditional tender made after the pleadings were concluded. The tender did not conform to the provisions of the statute. Sections 10405, 10406, 3 Comp. Laws. A tender, to be effective, must be without qualification or condition. *Noyes* v. *Wyckoff*, 114 N. Y. 204 (21 N. E. 158); *United States* v. *World's Columbian Exposition* (C. C.), 56 Fed. 630; *Irvin* v. *Gregory*, 13 Gray (Mass.), 215.

There being no bill of exceptions, we are not clearly advised of what transpired during the progress of the trial, or what instructions were given the jury; but this becomes immaterial on the question before us, for the reason that the verdict exceeded the amount of the alleged tender.   In the case of *Squire Dingee Co.* v. *McDonald*, 61 Ill. App. 607, it is held: The jury may be instructed as to the effect of a tender, but, if the verdict is for an amount greater than that tendered by the defendant, the error of the circuit judge in giving or denying instruction will not be considered, since such verdict renders the tender ineffectual.

The alleged tender was not regular, was not sufficient in amount to cover the verdict, irrespective of costs. Plaintiff did not recognize it as a valid tender, did not receive it, acquired no control over it, and renounced all claim to it before asking judgment.   It belonged to defendant to make such disposition of as he saw fit, so far as any rights between him and plaintiff in this suit were involved.   As a tender it was immaterial, negligible, and invalid.   It should have been so treated by the court. Plaintiff, to preserve his rights, was entitled to have judgment rendered and recorded in his favor for the full amount of the verdict.   If in any way under judicial control, the disposition of the alleged tender was a matter for other and subsequent proceedings.

On the record before us the judgment must be reversed, with costs in favor of plaintiff.   The cause is remanded, with direction to set aside the judgment heretofore rendered, and enter judgment in accordance with the verdict of the jury.

MOORE, C. J., and McALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.   BLAIR, J., did not sit.