Frank M. McKey, Receiver, Appellee, v. Jacob Provus and The Empire State Surety Company, Appellants.

Gen. No. 18,478.

1. PRACTICE ACT—*section 55 as amended construed.* Section 55 of the Practice Act as amended, relating to cases in which the affidavit of defense is to only a portion of plaintiff's demand, is a highly remedial statute intended to do away with the common-law rule which permitted only one judgment to be entered in an action and to allow a judgment to be entered for what is admitted to be due and allow the cause to proceed in the regular way to trial and judgment as to the disputed part of the demand.

2. PRACTICE ACT—*when section 55 as amended applies.* In an action for a breach of the condition of a bond providing for the return of certain property on certain conditions, where the only question is as to the value of the property and defendant in his affidavit states that its value does not exceed a certain amount, section 55 of the Practice

Act as amended, relating to cases in which the affidavit of defense is to only a portion of plaintiff's demand, is applicable and authorizes the court to enter judgment for the amount admitted to be due, to order the case to proceed as to the disputed amount and to enter judgment therefor.

Appeal from the Circuit Court of Cook county; the HON. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed June 3, 1913.

HARRY M. FISHER, for appellants.

SILBER, ISAACS, SILBER & WOLEY, for appellee; FREDERICK D. SILBER, of counsel.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

The plaintiff, as receiver, appellee, brought suit against the defendants, appellants, on a bond executed by them in the sum of $3,000, the condition of which bond was that if the obligor, Provus, would return to the obligee, McKey, receiver, certain personal property therein described, in the event the circuit court of Cook county should, by its decree, find that said property belonged to one Sam Mastrofsky at the time of the filing of a certain bill in the bond mentioned and would pay all expenses, etc., the bond to be void; otherwise to remain in full force and effect.

The declaration alleges, and the proof shows, a breach of the condition, and the only matter in controversy was the value of the property in question.

The plaintiff attached to his declaration an affidavit which averred that the demand of the plaintiff was upon a certain bond, a copy of which was attached and made a part of the affidavit, and that there is due and owing from the defendants to the plaintiff, after allowing to defendants all just credits, deductions and set-offs, the sum of $3,000.

A copy of the instrument sued on was attached to

the declaration. The defendants filed a plea of *nil debet* and attached to the plea was an affidavit by Provus that the defense of the defendants to the demand of the plaintiff is that the property in the declaration mentioned was not worth to exceed the sum of $1,500.

Upon the filing of the plea, the court entered judgment for the $1,500 admitted to be due by the affidavit of the defendants, and ordered that the suit should thereafter proceed as to the portion of the plaintiff's demand which was in dispute, being the sum of $1,500, as if the suit had been brought therefor, and that the costs of the suit abide the further order of the court.

Execution was issued on the judgment, and the defendants paid the judgment. The cause then proceeded to trial before the court without a jury, and the court found in favor of the plaintiff, finding the value of the property at $3,000, and that the defendants should have credit for the sum of $1,500 on the total damages which were assessed at $3,000, and entered judgment for $1,500 in favor of the plaintiff. It was agreed by counsel for both sides on the trial that the only question at issue was the value of the property involved.

The question presented by the record is the power of the court to enter two judgments in this case under section 55, chap. 110, Hurd's R. S., as amended in 1909.

It is urged that the affidavit did not state a defense to any portion of the demand; that the demand was not divisible, and the affidavit must be taken as admitting the entire claim and to entitle the plaintiff to a judgment leaving only the question of the amount to be ascertained and assessed; that the affidavit states the defense is to the whole of the plaintiff's demand and places the value of the property at $1,500 only, and the rendition of the judgment for $1,500 upon the affidavit was the final determination of the only matter in dispute, namely, the value of the property and that the first judgment was therefore an absolute and final

disposition of the case. We do not agree with the contention of appellants as to the effect of the affidavit, or the first judgment of the court under section 55 of the Practice Act as amended. Section 55, as amended, must be regarded as a highly remedial statute intended to do away with the technical rule of the common law which permitted only one judgment to be entered in a suit, and allow a judgment to be entered in an action for what was admitted to be due and allow the cause to proceed in the regular way to trial and judgment as to the disputed part of the demand sued on. So far as we are advised, there is no decision in this state by our Supreme Court upon this statute as amended. In other jurisdictions the provisions of similar statutes have been passed upon. In *Calkins v. Kelly*, 3 Pa. Dist. Ct. Rep. 339, the Pennsylvania Act of 1893 was construed. The action was brought for goods sold and delivered in the sum of $2,890. Credits were allowed amounting to $2,274.32, leaving a balance of $615.77, which the plaintiff claimed a right to recover. The affidavit of defense set up that there were overcharges in some of the items, and that the defendants were entitled to certain credits, and that, therefore, defendants only owed $336.31, which the affidavit stated the defendants were ready and willing to pay and tendered. In deciding the case, the court said:

"It is contended on the part of defendants that the proper construction of the act is, that it does not apply to the case of an admission of an amount due upon items all of which are more or less in dispute, and that it is intended only to meet the cases where there is an admission that certain of the items are due. Looking at the language of the act, and the objects to be accomplished by it, we see nothing which should lead the court to draw such a distinction. 'Part of the claim' may be one of two items, or it may just as well be the half of each of two items. If it had been in-

tended to limit the effect of the act in this manner, it would have been easy to have used language which would have expressed that thought. The object plainly is to permit the plaintiff to have a judgment for 'that part of the claim' about which there is no contention, and the manner in which the portions are divided would seem to be immaterial.''

The court made the rule absolute for the amount admitted to be due, with leave to the plaintiff to proceed for the recovery of the balance.

In *Roberts v. Sharp*, 161 Pa. St. 185, the plaintiff claimed for structural work done upon a hotel, amounting to $16,640.02, against which defendant, in his affidavit of defense, claimed a set-off of certain disputed items for extra work and certain claims for money paid to finish the plaintiff's work, amounting to $6,882.72, and admitted that he owed $9,757.30. A judgment for the amount admitted to be due was entered, and it was argued in that case that if judgment were entered the plaintiff must accept it in full of his claim and could not proceed to trial for the residue. The court said that two important questions of practice were involved; the first as to the method of taking an interlocutory judgment of this kind, whether it should be assessed by the prothonotary, or entered by the court; the other was as to whether the plaintiff could take an interlocutory judgment, and proceed upon the contested balance. On the latter question the court said:

"The very object of the Act of 1893 was to enable judgment to be entered for the amount admitted to be due without prejudice to the plaintiff's right to proceed to trial for the recovery of the balance of the demand. No distinction between, or separation of, items of the demand was within the language or proper meaning of the act, and as it provides that judgment may be taken for the amount admitted to be due, and authorizes a trial for the balance of the demand, we consider that it is of no consequence to determine how

the amount is ascertained or how the balance is composed. The judgment is affirmed.''

A similar provision of the New Hampshire statutes was construed in *Richey v. Cooper*, 45 N. H. 414, and the same construction was given to the statute as in the above cited Pennsylvania cases.

*Buffalo Barb Wire Co. v. Phillips*, 64 Wis. 338, construes a similar provision of a Wisconsin statute, and upholds the order of the court requiring the defendants to pay a balance admitted to be due.

In *Stuckert v. Wedge*, 46 Pa. Sup. Ct. Rep. 140, *assumpsit* was brought to recover $300 for services of an architect. The defendant filed an affidavit denying that the services were worth $300, and averred that they were not reasonably worth more than $100, which the defendant said he was ready and willing to pay, and tendered in full settlement of the claim. The court made absolute a rule for judgment for $100. On appeal the judgment was upheld as being within the authority of the statute authorizing a plaintiff to take judgment for a part or parts of the claim as to which the court should adjudge the affidavit of defense to be insufficient in law.

The above cases indicate clearly the opinions of courts of other jurisdictions on the construction of similar statutes. They indicate that remedial statutes of the character of section 55 of the Practice Act as amended must be given a broad and liberal construction for the purpose of carrying out the object which the statute seeks to accomplish.

The value of the property taken under the bond sued on in this case was made up of the sum total of a number of individual items. In fixing the penalty of the bond, the court determined that $3,000 was the probable value of the property. In making the affidavit of defense, the defendants fixed the value of all the different items of property at $1,500. The amount in dispute, therefore, between the plaintiff and defend-

ants was only $1,500. When the statute authorizes that the suit shall proceed as to the part of the demand not in dispute, it provides for such a situation as is presented in this case. We think the statute is applicable to the situation presented by the pleadings and affidavits in this case, and authorized the judgment.

The judgment of the circuit court is affirmed.

*Affirmed.*