## Eugene J. Bein, trading as E. Bein Glass Company, Appellant, v. John Blazejczyk, Appellee.

### Gen. No. 24,186.

1. PLEADING, § 160*—*what is purpose of section 55 of Practice Act relating to affidavit of defense to portion of claim.* Section 55 of the Practice Act (J. & A. ¶ 8592), which provides that if an affidavit of defense is only to a portion of plaintiff's demand, plaintiff shall be entitled to a judgment for the balance of his demand and the suit shall thereafter proceed as to the portion of plaintiff's demand in dispute as if the suit had been brought therefor, the court making such order as to costs as may be equitable, is a highly remedial statute, intended to do away with the common-law rule which permitted only one judgment to be entered in an action.

2. ACTION, § 55*—*what is basis for common-law rule against splitting cause of action.* The common-law rule forbidding the splitting up of a cause of action is based upon the fundamental principles that there must be an end of litigation, and that a party should not be twice vexed with the same cause of action, its purpose being to prevent vexatious and oppressive litigation.

3. ACTION, § 56*—*what is effect of section 55 of Practice Act upon common-law rule against splitting cause of action.* Section 55 of the Practice Act (J. & A. ¶ 8592), authorizing an action to be proceeded with as to the disputed portion of a claim, where the affidavit of defense is only to a portion of the claim and a judgment for the undisputed balance, does not change the common-law rule against splitting a cause of action, and hence a judgment for plaintiff on an undisputed balance and a nonsuit as to the disputed portion precludes a recovery in an independent action for such disputed portion.

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Affirmed. Opinion filed February 11, 1919.

WILEY & MACK, for appellant.

No appearance for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This is an appeal by the plaintiff from a judgment in favor of defendant entered on the verdict of a jury. The facts were stipulated, and upon such stipulation the court instructed the jury to find a verdict for the defendant.

The error urged is the giving of the instruction. The facts in brief are that in July, 1914, plaintiff sued the defendant for goods sold and delivered. The defendant in his affidavit of merits admitted that $80.96 of the amount sued for was due and owing. The plaintiff thereupon took judgment for that amount and the case was ordered to proceed to trial as to the balance claimed, which was $75. After the trial began plaintiff took a nonsuit, but did not vacate or set aside the judgment rendered. On the contrary he sued out an execution and collected it by levy and sale, and the judgment was satisfied.

The plaintiff in this action sued to recover the balance of the account claimed in the first action. The court held that the judgment rendered in the first action was a bar to the second suit, that the plea of *res adjudicata* was sustained by the facts.

The question involves the construction of the last clause of chapter 110, sec. 55 of the Practice Act (J. & A. ¶ 8592), which provides that if the affidavit of defense is only to a portion of the plaintiff's demand, the plaintiff shall be entitled to a judgment for the balance of his demand and the suit shall thereafter proceed as to the portion of plaintiff's demand in dispute as if the suit had been brought therefor, the court making such order as to costs as may be equitable. This clause of this section of the statute apparently has not been construed by our Supreme Court, but this court in *McKey v. Provus,* 181 Ill. App. 364, held that it was a highly remedial statute intended to do away with the common-law rule which permitted only one judgment to be entered in an action.

The construction now contended for by appellant

would require us to go further and hold that it was also intended thereby to change the common-law rule which forbids the splitting up of a cause of action. That rule of the common law is based upon the fundamental principles that there must be an end of litigation, and that a party should not be twice vexed with the same cause of action. Its purpose is to prevent vexatious and oppressive litigation. We do not find in the language of the statute in question any intention on the part of the legislature to change that rule. The clause providing for an equitable distribution of the costs seems to indicate a different intention. We think the trial court correctly interpreted the statute and its judgment will be affirmed.

*Affirmed.*