Harold J. Crawford, J.
Plaintiff, a resident of Connecticut, has brought this action to foreclose a purchase-money first mortgage which she holds on premises 106-12 Corona Avenue, in Queens County.
In the latter part of March, 1961, plaintiff, as the result of her mother’s death, became the owner of the Corona premises. It appears that almost immediately thereafter the premises were placed on the market for sale. On April 24, 1961, just a few weeks later, the defendant contracted to purchase this property, *598 which consists of a 40-year-old, two-story brick house situated on a plot of ground 25 feet by 100 feet. The agreed price was $15,000, payable as follows: $1,500 on the signing of the contract, $6,500 on the delivery of the deed, and the balance of $7,000, by the plaintiff taking back a purchase-money first mortgage on the premises. This mortgage was to be paid in monthly installments of principal and interest, amounting to $90.30 each month. Title to the property was closed on May 29, 1961, and the first mortgage installment was due on July 1,1961.
After taking title, the defendants, while in the process of remodeling an apartment, discovered that the beams, flooring and woodwork of the premises were infested with termites. This condition required extensive and costly repairs.
Defendants paid the mortgage installments of July 1, 1961, August 1,1961 and September 1,1961, but notified the plaintiff in the latter part of September, 1961, of the termite condition and of their claim for damages. After plaintiff rejected this claim, the defendants advised the plaintiff that, unless she submitted to the jurisdiction of the courts of this State, the mortgage payments would be withheld. Accordingly, the October payment was withheld and after the elapse of the 15-day grace period contained in the mortgage, the plaintiff elected to accelerate the maturity of the mortgage and commenced this foreclosure action. Thereafter defendant tendered the monthly installments for October and November, 1961, but such installments were rejected and returned by the plaintiff.
In their answer to this foreclosure action, the defendants, Salvatore Bertino and Carmela Bertino, the owners and mortgagors have counter-claimed for the sum of $5,000 as damages for the alleged fraudulent representations of plaintiff which they say induced them to execute the contract of sale and have interposed the defense of tender of payment.
On the trial of this action, defendants sought to establish their counterclaim by showing the conversations that preceded the execution of the contract of sale.
While the court agrees with defendants’ position that such evidence may be received on the issue of fraud, notwithstanding a general merger clause in the contract of sale (Bridger v. Goldsmith, 143 N. Y. 424; Angerosa v. White Co., 248 App. Div. 425, affd. 275 N. Y. 524; Franklin Enterprises Corp. v. Moore, 34 Misc 2d 594; see, also, Richardson, Evidence [8th ed.], § 587), it is constrained to hold, after sifting and weighing such evidence, that defendants have failed to sustain their charge of fraud by a preponderance of the credible evidence. It is quite clear from the record that the defense of tender must likewise fall. *599 Admittedly, defendants tendered, within the allowable time, the October 1 installment of principal and interest, but such tender was conditioned on plaintiff’s appearance in this jurisdiction to litigate the charge of fraud. An examination of the mortgage contract gives no such right to the defendants. True, a different result might obtain if fraud were shown to have brought about its execution, but that is not here the case. The contract of sale which led to the giving of the mortgage remains untainted and the authorities are clear that for a tender to be sufficient it must be unconditional. (Eddy v. O’Hara, 14 Wend. 221; Wood v. Hitchcock, 20 Wend. 47; Noyes v. Wyckoff, 114 N. Y. 204; Halpin v. Phenix Ins. Co., 118 N. Y. 165; Shiland v. Loeb, 58 App. Div. 565; Altman v. City of New York, 5 Misc 2d 1009.) Accordingly, after the elapse of the grace period, plaintiff was not prevented from electing to declare the whole mortgage due under the acceleration clause of the contract. Certainly, after such election, the tender by the defendants of the November and December installments was not effective to prevent this acceleration for the whole mortgage was then due. The debt was changed from one payable in the future and in installments to one immediately payable. (Katz v. Sardova Realty Corp., 212 N. Y. S. 2d 447.)
Judgment is granted in favor of the plaintiff and defendants’ counterclaim is dismissed upon the merits.