192

BYRNE CONSTRUCTION COMPANY, INC., Appellant-Respondent, *v.*
NEW YORK STATE THRUWAY AUTHORITY, Respondent-Appellant.
(Claim No. 36229.)

Fourth Department, June 27, 1963.

*Hancock, Dorr, Ryan & Shove* (*Morris Berman* of counsel),
for appellant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*George H. Rothlauf*
and *Paxton Blair* of counsel), for respondent-appellant.

*Per Curiam.*   The claimant appeals from the dismissal of its
claim against the New York State Thruway Authority for addi-
tional labor and materials which it claims to have been com-
pelled to expend by reason of an allegedly erroneous construction
of the contract by the Thruway Authority's architects and engi-

neers. Upon this aspect of the case, the proof amply sustains the judgment of the Court of Claims and the judgment insofar as appealed from by the claimant must therefore be affirmed. However, notwithstanding the dismissal of the extra work claim, the Court of Claims Judge allowed interest upon the final balance of the contract price for the period between the completion of the work and the date of payment of the judgment for the contract balance. From this award, the State appeals.

It appears that there was an undisputed balance owing upon the contract in the amount of $19,075.16 due on the final estimate. The defendant tendered payment of this amount in full of all claims pursuant to the provision of the contract that " The acceptance by the Contractor of the last payment on this contract as hereinbefore provided, shall be and shall operate as a release to the New York State Thruway Authority  *  *  * from the claim and liability to the Contractor and all sub-contractors for anything done or furnished for or relating to the work ". Since the claimant had what it considered to be a valid claim for additional labor and materials, which it would have forfeited if it had accepted the tendered payment, the claimant rejected the tendered check. It thereupon filed a claim in the Court of Claims stating two causes of action; one for the undisputed balance owing under the contract and the other for the reasonable cost and fair value of the extra labor and additional materials. Thereafter, it moved for immediate judgment on the first cause of action for $19,075.16, with interest from October 27, 1958, and for a severance of the second cause of action. The court thereupon ordered the entry of judgment in accordance with the claimant's request and severed the causes of action accordingly, reserving, however, the determination of the right of the claimant to interest on the said sum of $19,075.16 " until the final determination of the balance of the claim set forth in the second cause of action ".

The court found that the work had been completed and accepted on October 30, 1958. The judgment on the first cause of action was paid on May 19, 1959.

The severance procedure adopted in this case followed the established practice of the Court of Claims in cases of this kind. We discussed that practice in *Buffalo Elec. Co.* v. *State of New York* (9 A D 2d 372 and 17 A D 2d 523).

As we pointed out in the first *Buffalo Elec. Co.* case (9 A D 2d 372) the State could possibly have maintained that, under its release clause, the surrender of all extra work claims was a condition precedent, as a matter of substantive law, to the State's obligation to pay the contract balance. Under this con-

struction, the last installment of the contract price would not be due and payable unless and until the contractor was ready to accept the payment in full of any and all claims. However, the State recognized that this provision was much too harsh and it apparently feared that the courts might hold the State liable for interest on the unpaid contract balance from the time of the acceptance of the work, notwithstanding the contract clause (cf. Civ. Prac. Act, § 480). The State therefore acquiesced in a procedure under which the contractor filed a claim for the unpaid contract balance in the Court of Claims, together with his extra work claim, and then moved for, and obtained, a severance and an immediate judgment for the amount of the contract balance. By this means, it became possible for the contractor to obtain immediate payment of the contract balance without releasing his extra work claim, and the State was relieved of the possibility of being held liable for interest during the whole period of litigation. However, it was still the State's contention that, if the contractor accepted a voluntary payment by the State of the undisputed contract balance without first obtaining a judgment therefor, it would constitute a release of all claims under the contract provision and the initial tender of its check was still conditioned upon the acceptance of the check in full of all claims.

The practice grew up of reserving the question of interest on the unpaid contract balance between the date of acceptance of the work and the date of payment pursuant to the judgment, for disposition after the extra work claim had been passed upon. It is difficult to understand why this practice was adopted, since the Court of Claims invariably allowed interest on the contract balance from the date of completion, after the trial of the extra work claim, regardless of its outcome. In *Rusciano & Son Corp.* v. *State of New York* (201 Misc. 690, 701–702, affd. [on the claimant's appeal] 281 App. Div. 733) the Court of Claims said: " There is nothing in the decision of this court nor in its affirmance on appeal which suggests that the award of interest on the sum of money recovered in the first and consent judgment was dependent upon claimant's success in establishing its right to recover upon the items in dispute ".

The State maintains that the practice of the Court of Claims in this respect is erroneous and that the Court of Claims should award interest upon the contract balance only if the claimant is successful in establishing his extra work claim. The theory of the State is in effect that the claimant is required to gamble on his right to interest when he asserts an extra work claim; if he fails to establish the validity of the claim, this retrospectively

demonstrates that he should not have made the claim in the first place and that he should have accepted the State's check in full when it was originally tendered, but if he succeeds in his extra work claim, he is entitled to interest on the contract balance. We can find neither reason nor authority for this view.

The State maintains that the recent decision of the Court of Appeals in *Wood* v. *State of New York* (12 N Y 2d 25) approved and adopted the State's theory that the right to interest depends upon the outcome of the extra work claim. An examination of the record and briefs in the Court of Appeals in the *Wood* case demonstrates that the State's assertion with respect to its holding is incorrect. The decision in the *Wood* case turned upon a clause in the contract there in suit (following the clause that acceptance of final payment would operate as a release of all claims) reading: " Should the Contractor refuse to accept the final payment as tendered by the Comptroller, it shall constitute a waiver of interest thereon ". This is the clause referred to in the Court of Appeals opinion (p. 29) in the statement that " by the terms of the contract, claimant is not entitled to interest on the tendered amount ", the court noting that the State had " tendered to claimant the amount due under the contract ". There is no provision such as that contained in the *Wood* contract in the contract involved in this case.

At pages 14 to 15 of its brief in the Court of Appeals in the *Wood* case, the State had argued: " The question as to the efficacy of the quoted provision of the Public Works Specifications with regard to waiver of interest has not been previously passed upon by this Court. We do not urge a literal application of the provision. It is our contention that if a contractor refuses to accept the final payment tendered by the State because he desires to prosecute a claim arising out of the contract, in the event that the asserted claim is disallowed in its entirety by the Courts, interest should not be allowed upon the amount of the final payment which had been previously tendered."

As the quoted statement from the Court of Appeals opinion indicates, the State's argument was not adopted. The court went further than the Attorney-General asked it to go and gave a literal construction to the clause in the *Wood* contract and held that because of that clause no interest could be recovered, regardless of the outcome of the extra work claim.

In a case in which a clause like that in the *Wood* contract is not present, we must apply the general principle that, in order to stop the running of interest on an undisputed obligation, a tender of payment must be unconditional (*Noyes* v. *Wyckoff*, 114 N. Y. 204; *Halpin* v. *Phenix Ins. Co.*, 118 N. Y. 165, 176; 6 Willis-

ton, Contracts [Rev. ed.], § 1814, pp. 5143–5144; New York Law of Contracts, § 908, p. 1378). The tender in this case was not an unconditional one but was conditioned upon a release of all claims including extra work claims. The claimant was justified in rejecting the tender and in suing in the Court of Claims both for the unpaid contract balance and for the extra work claim it had made in good faith. It is therefore entitled to interest upon the contract balance for the period from the date of the acceptance of the work to the date of the payment of the judgment against the Thruway Authority.

The judgment insofar as appealed from by the State should therefore also be affirmed.

WILLIAMS, P. J., BASTOW, GOLDMAN, HALPERN and HENRY, JJ., concur.

Judgment unanimously affirmed, without costs of this appeal to either party.