(95 Misc. Rep. 640)

### PINSKY v. GOLDSMITH.

(Supreme Court, Appellate Term, First Department. June 29, 1916.)

1. SALES ☞479(5)—CONDITIONAL SALE—FORECLOSURE—DEMAND.

Where defendant was notified that his note, payable to plaintiff, was held by a trust company and a bank, and on date of maturity mailed to the trust company a certified check payable to the bank in the same section of the city, which was received by the trust company the same day and returned, notwithstanding which the trust company presented the note for payment at defendant's address and protested it for nonpayment, defendant, having already paid the note according to his jus-

tifiable understanding, was entitled to disregard the demand, and such demand will not support an action to foreclose a contract of conditional sale under which the note was given.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1423; Dec. Dig. ☜479(5).]

2. SALES ☜479(7)—CONDITIONAL SALES—ACTIONS—EVIDENCE—ADMISSIBILITY.

In an action to foreclose the lien of a conditional sale agreement, where it was stipulated at the trial that the plaintiff had put four notes, given in the transaction, in the hands of a trust company and a bank, a letter from the trust company to defendant, acknowledging receipt of and returning a certified check, mailed to the trust company, but payable to the bank, was admissible.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1427; Dec. Dig. ☜479(7).]

3. TENDER ☜26—EFFECT OF COUNTERCLAIM.

In an action to foreclose the lien of a conditional sale agreement, the effect of a tender and payment into court of the amount of a note for an installment on the purchase price was not destroyed by a counterclaim for compensation for injury because of an alleged partial breach, and the tender was sufficient.

[Ed. Note.—For other cases, see Tender, Cent. Dig. §§ 88–92, 95; Dec. Dig. ☜26.]

4. SALES ☜479(7)—CONDITIONAL SALES—ACTIONS—EVIDENCE.

In an action for foreclosure of the lien of a conditional sale agreement, where defendant admitted liability and tendered and paid into court the amount of a note for an installment on the purchase price, plaintiff was under no necessity of introducing evidence in support of a prima facie case on the note.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1427; Dec. Dig. ☜479(7).]

5. APPEAL AND ERROR ☜1180(2)—EFFECT OF REVERSAL—PREVIOUS JUDGMENT.

In an action to foreclose the lien of a conditional sale agreement, where two judgments were entered against the defendant, the first ceases to be of any effect upon the reversal of the second.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4627–4629, 4658, 4659; Dec. Dig. ☜1180(2).]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Jacob Pinsky against Isidor Goldsmith. Judgment for plaintiff after trial without a jury, and defendant appeals. Judgment reversed, and complaint dismissed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Henry Brill, of New York City, for appellant.

William L. Greenfogel, of New York City, for respondent.

PHILBIN, J. The action was brought to foreclose the lien of a conditional sale agreement, and to have the personal property covered thereby sold to enforce the lien. The pleadings were oral. The answer was a general denial and a counterclaim for $100, which, it developed on the trial, was based upon an alleged failure of the plaintiff to fully comply with the terms of the said agreement of sale. The counterclaim was dismissed by the court, on the ground that it was not available as a defense in an action to foreclose a lien.

The agreement provided for the conditional sale to the defendant of certain fixtures and like articles relating to the equipment of a cigar and stationery store conducted by the defendant, for $550. That sum was to be paid in various installments, all of which were paid, except one of $25.44, due on March 1, and one for $25, due on April 1, 1916. They were represented by notes given by the defendant to the plaintiff. It was provided in the agreement that the failure to pay any installment upon maturity would cause all future installments to become due and payable immediately.

[1, 2] The action was based upon an alleged default in the payment of the March installment. The defendant claims that, it having been shown on the trial that payment of the note was duly tendered on the 1st of March, the date of maturity, and that the tender was kept good, the complaint should have been dismissed. Shortly before the note matured, the defendant received the following communication:

"The Chatham & Phenix National Bank, U. S. Mortgage & Trust Co., 125th St. & Eighth Ave. This is to advise you that your note for $25.44, which will be due and payable March 1st, 1916, is held by this bank.
                                        "I. Goldsmith, 3866 Broadway, City.
"Only cash or certified check accepted in payment."

It was stipulated on the trial that the plaintiff had put the four notes given in the transaction, including the March note, "in the Chatham & Phenix National Bank, United States Mortgage & Trust Company, 125th street and Eighth avenue." Just what relation the two corporations had to each other or to the notes was not developed, although, as it later appears, the trust company protested the March note. The defendant, on the date of maturity and at 5 o'clock in the morning, mailed a certified check for $25.44 to the trust company, but it was made to the order of the bank. The place of mailing was in the same section of the city, and the check was received on the same day, as appears by a letter from the trust company. This letter bears date March 1, 1916, and says the company is returning the check, "as the item you intended to take up has been returned by us to the Chatham & Phenix National Bank. We would suggest that you take the matter up direct." The letter was not received by defendant until the next day, March 2, 1916. Notwithstanding all this, the trust company presented the note for payment at defendant's address, where it was made payable, and protested the note for nonpayment. The defendant, having already paid the note according to his justifiable understanding, was entitled to disregard the demand. The letter last referred to was not received in evidence upon the trial, owing to an objection by the plaintiff; but it should have been, in view of the concession made on the trial as to the relation of the trust company to the note.

[3, 4] Upon the return day of the summons in this action, the defendant made a tender of performance and of payment. The amount of the tender, $25.44, being the sum called for by the note, was paid into court. The plaintiff insists that the tender made at the trial was not good, because of defendant's counterclaim, and in support of his contention cites Wood v. Hitchcock, 20 Wend. 47, in which it was held

that the counterclaim there pleaded destroyed the effect of the tender, because the defendant would not allow that he was even liable to the full amount of what was tendered. That was not the situation here. The defendant did not question his full liability on the March note, and his counterclaim related only to an alleged partial breach of the contract, which, he said, gave him a right to compensation for the injury caused by the breach. Under the issues thus formed, the plaintiff was under no necessity of putting in any evidence in support of prima facie case on the note.

The failure of the defendant to pay the note upon maturity must in all the circumstances be found due to the refusal of the holder to accept payment, and not to any default on his part. A sufficient tender of payment was made and kept good to excuse defendant from further performance.

[5] There were what purported to be two judgments entered against the defendant, although it does not appear that that was the intention. The first entry was in the usual form, but stated: "See special form of judgment." Thereafter a form appropriate to a foreclosure judgment was entered. The first provided for the payment of $51.50, and the second for $70.50. In view of the conclusion that plaintiff is not entitled to judgment in any form, it is unnecessary to give further consideration to the irregularity than to say that the first judgment ceases to be of any effect upon the reversal of the second one.

Judgment reversed, with $30 costs, and complaint dismissed, with costs. All concur.